**James WEAVER, Plaintiff-Appellant,**

v.

**Frank J. PATE, Warden of the Illinois State Penitentiary, Joliet, Illinois, Defendant-Appellee.**

**No. 16094.**

United States Court of Appeals
Seventh Circuit.

Feb. 15, 1968.

Roger J. Kiley, Jr., Chicago, Ill., James Weaver, pro se, for appellant.

William G. Clark, Atty. Gen., Phillip Rock, Asst. Atty. Gen., Chicago, Ill., for

appellee; John J. O'Toole, Robert F. Nix, Asst. Attys. Gen., of counsel.

Before SCHNACKENBERG, CASTLE and CUMMINGS, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

James Weaver, plaintiff, has appealed from an order of the district court dismissing his complaint, based on 42 U.S.C.A. § 1983, alleging violation of his rights under the first and fourteenth amendments to the United States constitution. He claims jurisdiction exists under 28 U.S.C.A. § 1343.

By his complaint he charged that on March 29, 1957, he then being an inmate of an Illinois penitentiary; he was attacked and beaten, placed in isolation for fifteen days and in segregation for fifteen months, and was also deprived of good time, solely because he believed in the religion of Islam. Additionally he alleged that he was deprived of "thirteen days of good time" solely because he was in the possession of Islamic literature entitled "Mr. Muhammed Speaks".

Weaver further alleged that he had appealed to the prison merit board and to the director of the department of public safety for restoration of his good time, but that no relief was granted. His complaint filed in the district court prays for restoration of the good time and any other appropriate order.

The attorney general of the state of Illinois moved to dismiss said complaint on the grounds that the court lacked jurisdiction of the subject matter and that the complaint failed to state a claim upon which relief could be granted. The district court sustained said motion and this court permitted Weaver to appeal in forma pauperis.

■ 1. In his brief the attorney general of Illinois contends that the district court properly dismissed the action and that one of the reasons supporting the dismissal was the fact that "no justiciable injury could occur until such time as the inmate would be entitled to release had he been granted good time." However, as to this point, we believe that

we are bound by the ruling in Cooper v. Pate, Warden, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), in which another inmate of the penitentiary brought an action alleging that "solely because of his religious beliefs he was denied permission to purchase certain religious publications and denied other privileges enjoyed by other prisoners." The district court there dismissed that case and we affirmed. However, the Supreme Court reversed, saying: "Taking as true the allegations of the complaint, as they must be on a motion to dismiss, the complaint stated a cause of action and it was error to dismiss it." We therefore hold that in the case at bar the order for dismissal cannot be sustained on the aforesaid grounds.

■ 2. Federal courts have granted relief where it has appeared that prisoners were subjected to deprivations and hardships inflicted solely because of what they described as their religion. In Pierce v. La Vallee, 2 Cir., 293 F.2d 233, 235 (1961), the court said:

"* * * Whatever may be the view with regard to ordinary problems of prison discipline, however, we think that a charge of religious persecution falls in quite a different category. * * * As the Supreme Court has * * * pointed out, freedom of religion and of conscience is one of the fundamental 'preferred' freedoms guaranteed by the Constitution. We must approach decision with that admonition in mind.

"* * * So we feel constrained to hold, notwithstanding the cited adverse rulings, that the present complaints, with their charges of religious persecution, state a claim under the Civil Rights Act which the district court should entertain."

■ 3. The Illinois attorney general as counsel for defendant, while not denying that defendant Pate was warden of the penitentiary where plaintiff has been imprisoned, raises a question as to whether Pate is a proper party, inasmuch as he did not become warden until January 9,

1961 and the alleged deprivation of two years' good time occurred in 1957, and moreover plaintiff had appealed to the Illinois prison merit board and to the director of public safety, who are not parties herein. However, we are not persuaded by these distinctions among Illinois officials who administer the Illinois penal system. They lack substantiality.

The brief of the Illinois attorney general in this case urges that, because of the increasing volume of suits filed by inmates of state institutions, only "exceptional circumstances" warrant the intervention of the federal courts, and that therefore plaintiffs in such suits can best be held to a duty of pleading minimum basic facts. The attorney general concedes that the rule for liberal construction of pleadings filed by persons *pro se,* Eaton v. Bibb, 7 Cir., 217 F.2d 446, 448 (1954), cert. denied, 350 U.S. 915, 76 S. Ct. 199, 100 L.Ed. 802 (1955), is not to be undercut by asserting merely formal defects. This court has recognized this rule in recent proceedings brought *pro se* by state prisoners. In the case at bar, we believe that the proceeding is not frivolous and that the right of petitioner to relief is sufficiently well stated.

Accordingly, we reverse the judgment of the district court and remand this case to that court with directions that defendant-appellee be required to answer the complaint and that further proceedings be had thereon not inconsistent with the views herein expressed.

Attorney Roger J. Kiley, Jr., of the Illinois bar has rendered able service to plaintiff in this court, pursuant to an order entered herein, although there is no statutory source from which he may be compensated. We express our appreciation for the fine effort which he has made on behalf of plaintiff.

Reversed and remanded with directions.