In re Wesley U. **CARBAUGH**,
Petitioner.

Misc. No. 334.

United States District Court,
E. D. Wisconsin.

June 13, 1972.

Wesley U. Carbaugh, pro se.

ORDER

MYRON L. GORDON, District Judge.

The petitioner appears pro se and has filed a document with the court entitled "(Ancillary) COMPLAINT." He has also filed an affidavit as to his financial status, and seeks permission to prosecute his action in forma pauperis. The court is satisfied that the petitioner is a poor person, but permission to proceed in forma pauperis should nevertheless be denied.

As a pro se complaint, the petitioner's pleading is entitled to liberal construction as to do substantial justice. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Weaver v. Pate, 390 F.2d 145 (7th Cir.1968); Rule 8(f), Federal Rules of Civil Procedure. However, the complaint fails to state a claim upon which relief could be granted or to show that there is a basis for federal court jurisdiction.

Rule 8(a), Federal Rules of Civil Procedure, requires "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled."

The petitioner's complaint is a rambling, disorientated thirteen-page document. There is no allegation of the grounds relied upon for federal jurisdiction. The gravamen of the complaint appears to be that certain persons are engaged in a conspiracy to disrupt his preparation of legal briefs and to murder him.

The demands for relief range from $2,000,000 from the United States to defray the costs of litigation, to incarceration of the defendant Victor Brulc, a man described as the "Pretended Chief Administrator", for the alleged offense of accepting some petitions from "hornet stinger Boldt" (apparently a fellow patient of the petitioner at the Veterans Administration Hospital).

I find no infringement of a federally protected right. See Screws v. United States, 325 U.S. 91, 108, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).

Therefore, it is ordered that the petitioner's request to proceed in forma pauperis be and hereby is denied.