**Randy L. RABER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 41A01–9211–CR–364.**

Court of Appeals of Indiana, First District.

Oct. 20, 1993.

Charles D. Hankey, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

NAJAM, Judge.

## STATEMENT OF THE CASE

Randy L. Raber appeals his conviction for operating a vehicle while intoxicated,[1] a Class A misdemeanor; operating a vehicle with a blood-alcohol content of .10% or greater,[2] a Class C misdemeanor; and driving left of center,[3] a Class C infraction. Following these convictions, in the second phase of his trial, Raber plead guilty to operating a vehicle while intoxicated as a Class D felony because of his prior conviction for the same offense within the previous five years.[4] We remand with instructions and retain jurisdiction.

## ISSUE

Raber presents two issues on appeal. Because we conclude that one issue is dispositive, we address only the following question: whether Raber should be discharged and his conviction reversed for a violation of his right to a speedy trial, pursuant to Indiana Criminal Rule 4(C).

1. IND.CODE § 9–11–2–2 (repealed 1991, now IND.CODE § 9–30–5–2).

2. IND.CODE § 9–11–2–1 (repealed 1991, now IND.CODE § 9–30–5–1).

3. IND.CODE § 9–4–1–63 (repealed 1991, now IND.CODE § 9–21–8–2).

4. IND.CODE § 9–11–2–3 (repealed 1991, now IND.CODE § 9–30–5–3).

## FACTS

Raber was charged by information with operating a vehicle while intoxicated and operating a vehicle with a blood-alcohol content of .10% or greater. Raber was also charged with driving left of center. Following several delays, Raber was tried on March 9–10, 1992, and convicted. Raber appeals. We will state additional facts where necessary.

## DISCUSSION AND DECISION

### Speedy Trial

■ The Sixth Amendment to the Constitution of the United States guarantees to each accused person "the right to a speedy and public trial." In addition, Article 1, Section 12, of the Indiana Constitution provides that justice shall be administered "speedily, and without delay." Although those constitutional provisions guarantee a speedy trial, they do not guarantee a trial within any particular time. Therefore, Indiana adopted Criminal Rule 4 ("Rule 4") to establish "a reasonable period in which an accused must be brought to trial." *State v. Moles* (1975), 166 Ind.App. 632, 646, 337 N.E.2d 543, 552, *trans. denied.* Rule 4 does not create the substantive right to a speedy trial; rather, as noted by our supreme court, Rule 4 "exists in order to implement the basic right to speedy trial of those accused of crime and who are therefore in confinement or restrained on recognizance." *Huffman v. State* (1987), Ind., 502 N.E.2d 906, 907, (citing *Gill v. State* (1977), 267 Ind. 160, 165, 368 N.E.2d 1159, 1161).

In the present case, as in *Moles*, we are concerned with the "Rule 4(C) standard relating to the reasonable time for trial of an accused on recognizance." *Moles*, 166 Ind.App. at 647, 337 N.E.2d at 552.[5] In *Moles*, we explained the relationship between the constitutional provisions for a speedy trial and Rule 4(C) as it applied there:

> "An accused, therefore, has two distinct but related rights to have the processes of justice move deliberately toward the end of obtaining a trial within a reasonable and agreeable time—one right is guaranteed by the Constitutions and one by the implementing [sic] CR. 4. A violation of CR. 4 is *per se* a violation of the accused's constitutional right to a speedy trial. [citation omitted]
>
> Although CR. 4(C) is worded to require discharge of a person 'held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than one year continuously from the date on which the recognizance was first taken,' it is important to remember that the right being protected is the right to a speedy trial, as defined in the rule. Rule 4(C) does not establish a right to a discharge, but provides the remedy of discharge when the right to a speedy trial, as defined in the Rule, has been violated."

*Id.* (emphasis in original). While the language of Rule 4(C) has since been amended, our reasoning in *Moles* also applies in this case. We, too, are concerned only with whether a violation of Rule 4(C) has occurred and, thus, whether Raber should be discharged.

### Chronology of Proceedings

Raber was arrested and charged by information in the Franklin City Court on

---

5. Rule 4(C) provides:
 "No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subsection (A) of this rule. Provided further, that a trial court may take notice of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged."

March 17, 1989, the date when the Rule 4(C) one-year time period began to run against the State. When 365 days are added to that date, March 19, 1990, became the date by which, absent exceptions, Raber's trial should have commenced in order to comply with Rule 4(C).

As Rule 4(C) states, however, there are several exceptions which must be considered when computing time under the Rule. The one-year time period during which the State must try a defendant may be extended by a continuance on a defendant's motion, by a delay caused by a defendant's act, or by congestion of the court calendar. *See* Ind.Crim.Rule 4(C).

This cause was transferred to the Johnson Superior Court on March 23, 1989, because of Raber's request for a jury trial. The court set the first trial date for June 26, 1989, but the State moved for a continuance on June 20. Between August 14, 1989, and February 7, 1991, there were four continuances requested by Raber and two because of court congestion. Under Rule 4(C), the four continuances and two court congestion delays are attributable to Raber and extended the one-year period of time by 415 days. When this time is added to Raber's original one-year trial date of March 19, 1990, the date of May 8, 1991, became the date by which the State should have brought him to trial.

However, on February 7, 1991, the State moved for its second continuance and the trial was reset for July 1, 1991. The trial did not commence as scheduled on July 1. Instead, the trial was rescheduled "due to congested calendar" by the trial court's sua sponte order of July 1, entered after Raber and his counsel had appeared for trial. Record at 64. Raber's counsel then withdrew from his representation that same day. The trial was set for October 28, 1991. On October 23, 1991, the trial court learned that Raber was still without counsel and vacated the October 28 trial date, setting the matter instead for a determination of pauper counsel on that date. Following further delays again attributed to court congestion, the trial finally commenced March 9 and concluded March 10

with Raber's conviction, almost three years after he was charged. Before the trial court entered judgment on the conviction, Raber, now represented by counsel, filed a written motion for discharge. On June 3, 1992, Raber's motion was denied.

### *Motion for Discharge*

■■■ The July 1, 1991, trial date was set outside of the extended one-year period within which Raber should have been tried, but Raber did not object. Instead, he appeared with counsel on July 1 prepared for trial. A defendant has a duty to alert the court when a trial date has been scheduled beyond the one-year limit prescribed by Rule 4(C) and must do so at the earliest opportunity. *Rhoton v. State* (1991), Ind. App., 575 N.E.2d 1006, 1010. If a defendant remains silent while the court schedules a trial beyond the allowable date, he is estopped from enforcing any right of discharge based on that trial date. *Id.* at 1010–11. Accordingly, Raber is deemed to have acquiesced in the July 1 trial date because he did not object when the court set the trial outside of the one-year period. *See State ex rel. Henson v. Washington Circuit Court* (1987), Ind., 514 N.E.2d 838, 839–840.

■■■ However, Raber's acquiescence in the July 1 trial date did not estop him from thereafter enforcing his right to a speedy trial, in the absence of court congestion or an emergency, as evidenced by a contemporaneous order. *See Woods v. State* (1992), Ind.App., 596 N.E.2d 919, 920. Here, the trial court ordered the July 1 trial date continued "due to a congested calendar." A court may, on its own motion, continue a trial date due to a congested court calendar. *Biggs v. State* (1989), Ind.App., 546 N.E.2d 1271, 1276. The reasonableness of the delay must be judged in the context of the circumstances, and the trial court's decision will not be disturbed absent an abuse of discretion. *Id.* Thus, if the trial court abused its discretion in continuing the trial on July 1, Raber was entitled to move for discharge because he "had a right to assume trial would be held on that date," and

it was not. *See State ex rel. Henson*, 514 N.E.2d at 840.

Once the one-year time period had passed, Raber was under no duty to object at the earliest opportunity. *See State v. Bondurant* (1987), Ind.App., 514 N.E.2d 301, 306. Nor was Raber under a duty to object at all before his motion for discharge. *See State v. Tomes* (1984), Ind. App., 466 N.E.2d 66, 70. It was only necessary that he move for discharge prior to trial. *See Martin v. State* (1981), Ind.App., 419 N.E.2d 256, 259; *State v. Rehborg* (1979), Ind.App., 396 N.E.2d 953, 954, *trans. denied; Randolph v. State* (1954), 234 Ind. 57, 62, 122 N.E.2d 860, 864. Raber's written motion for discharge, filed after trial on April 2, 1992, was not timely and was properly denied. *See Randolph*, 234 Ind. at 62, 122 N.E.2d at 864. However, we must still consider whether Raber properly asserted his right of discharge prior to trial.

At the October 28 hearing to determine pauper counsel, Raber repeatedly raised the question of his right to a speedy trial. In response to questioning from the court on the issue of counsel, Raber twice stated that he told his counsel he wanted a speedy trial. Raber then expressed his concern that "years and years" had passed since he was charged, that he had lost witnesses and that he had been deprived of a speedy trial. Raber asserted several times that he felt his constitutional rights had been violated as a result of the delay in bringing him to trial.

Rule 4(C) states that "[a]ny defendant so held shall, on motion, be discharged." Trial Rule 7(B) states, "[u]nless made during a hearing or trial, or otherwise ordered by the court, an application to the court for an order shall be made by written motion." The Rules of Trial Procedure are applicable in criminal proceedings insofar as they are not in conflict with the Rules of Criminal Procedure. *See* Ind. Crim.Rule 21; *Carroll v. State* (1975), 263 Ind. 696, 701, 338 N.E.2d 264, 269. Therefore, during a hearing or before trial an oral motion for discharge is sufficient under the plain language of Rule 4(C). *But*

*cf. Martin*, 419 N.E.2d at 259 (suggesting a proper motion for discharge should be filed).

After July 1, Raber was proceeding pro se and did not communicate with the trial court again until his hearing on October 28. This court has held in a previous Rule 4 case that "we should not require a pro se motion to conform with exactitude to that which would be expected of experienced legal counsel." *State v. Laslie* (1978), 178 Ind.App. 107, 109, 381 N.E.2d 529, 530, *trans. denied*, (citing *Zurita v. United States* (7th Cir.1969), 410 F.2d 477, 480 and *Weaver v. Pate* (7th Cir.1968), 390 F.2d 145, 147). In *Laslie*, we held that the defendant's written motion and memorandum for discharge, while not technically correct, "sufficiently informed the court as to the intended request of Laslie." *Id. Laslie* is in accord with the notion that a defendant's remedy of discharge "can be asserted only through some affirmative action on his part." *Randolph*, 234 Ind. at 64, 122 N.E.2d at 865. Thus, we hold that Rule 4(C) requires only that a pro se defendant raise the speedy trial issue in a manner sufficiently definite to inform the court that the issue has been raised and requires a ruling.

Raber's oral assertions at the October 28 hearing met that standard. Raber used the words "speedy trial" at least eight times during the hearing and stated at least three times that he had been deprived of his constitutional rights. In addition, Raber commented on the court's failure to hold the trial as scheduled on July 1, even though Raber had appeared with counsel ready for trial. Raber's repeated assertions show he was acutely aware that July 1 was a crucial date in the sequence of events leading to his trial and conviction.

In addition, the record discloses that the trial court understood that Raber had raised the speedy trial issue. The trial judge and Raber discussed at length the number of continuances which had been filed by both parties, and their cumulative effect on Raber's right to a speedy trial. However, the trial court informed Raber

without further inquiry that his continuances "would have waived your right to that speedy trial." Record at 220. Raber's emphatic concern over the delay in his trial must be acknowledged, even though he may not have used the precise words "motion for discharge" in his attempts to raise the violation of his constitutional right to a speedy trial as an issue. While the right to a speedy trial may be waived, it is nonetheless a constitutional right. We must be attentive when a defendant, proceeding pro se, asserts this right and clearly presents the question of discharge for the trial court's determination.[6]

Raber's repeated references to his right to a speedy trial and to his constitutional rights, together with the unmistakable evidence in the record that the trial court was apprised of this issue, constituted a motion for discharge. The question remains whether the trial court abused its discretion in continuing the July 1 trial date and, thus, whether Raber's right to a speedy trial was violated, entitling him to move for discharge.

### Continuance for Court Congestion

There is no indication in the record showing how the trial court's calendar was congested on July 1, nor was there a motion by the State requesting a continuance due to congestion on that date. Raber's former attorney, who had withdrawn earlier, signed an affidavit on July 15, 1991, stating that he and Raber appeared in court on July 1 prepared for trial, but were "notified by court personnel that the case was not on the calendar for the day and the potential jurors had not been summoned." Record at 67–68. The affidavit also stated that the State failed to appear for trial on July 1. Raber filed the affidavit with the court at his October 28 hearing.

 Because a trial court speaks only through its record, it is necessary for the court to make an adequate record indicating why a defendant's trial cannot be conducted on the date scheduled. *Staples*

*v. State* (1990), Ind.App., 553 N.E.2d 141, 143, *trans. denied.* Here, there is an order stating that a "congested calendar" prevented the trial from taking place on July 1. However, we are unable to determine from the record the factual basis for the court's order denoting congestion. The order is conclusory and devoid of any supporting information. We stress the importance of complete docket entries to justify postponement of jury trials under Criminal Rule 4, as we cannot assume that the trial court acted according to the mandate of the Rule. *See Pillars v. State* (1979), Ind.App., 390 N.E.2d 679, 683, *trans. denied.*

 Our rule requiring an adequate record precludes review of alleged errors attributed to matters outside the record. *Morrison v. State* (1990), Ind., 555 N.E.2d 458, 461, *trans. denied.* Therefore, we cannot and do not hold on the record now before us that the trial court abused its discretion. The record is inadequate for us to make that determination. Under our standard of review, it is incumbent upon the trial court to articulate clearly on the record its reasons for postponing the trial. The finding of congestion should be sufficiently specific to assure meaningful appellate review and to assure that use of the congestion exception does not eviscerate the Rule itself.

### CONCLUSION

We retain jurisdiction of this appeal and remand to the trial court with instructions to make written findings which articulate the factual basis for the court's order of July 1, 1991, continuing the scheduled trial date due to a "congested calendar." We direct the clerk of the trial court to certify those findings and supplement the record on appeal. We will then determine the reasonableness of the continuance in the context of the circumstances and whether the trial court's determination constituted an abuse of discretion.

---

**6.** While it is the State's responsibility to assure that a defendant is timely brought to trial, it also furthers the interests of justice and judicial economy that actual or potential Rule 4 violations be avoided. *See Pearson v. State* (1993), Ind.App., 619 N.E.2d 590, 592 n. 4.

We retain jurisdiction and remand this cause with instructions to make written findings.

BAKER and CONOVER, JJ., concur.