**Randy L. RABER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 41A01–9211–CR–364.**

Court of Appeals of Indiana,
First District.

Dec. 21, 1993.

Charles D. Hankey, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

NAJAM, Judge.

## STATEMENT OF THE CASE

In our previous opinion *Raber v. State* (filed October 20, 1993), Ind.App., 622 N.E.2d 541, we retained jurisdiction in this cause and directed the trial court to supplement the record in order to determine whether the court abused its discretion in continuing Randy L. Raber's scheduled trial date due to a congested court calendar. We conclude that the record, as supplemented, supports the trial court's entry that the calendar was congested. Raber's right to a speedy trial, pursuant to Indiana Criminal Rule 4(C) was not violated. However, Raber also asserts that he did not knowingly, intelligently, and voluntarily waive his right to counsel and, thus, we now must address that issue.

We affirm.

## ISSUES

The issues presented for review are as follows:

1. Whether the trial court abused its discretion in continuing Raber's scheduled trial date due to a congested calendar.

2. Whether Raber knowingly, intelligently, and voluntarily waived his right to counsel.

## FACTS

Raber was charged by information with operating a vehicle while intoxicated and operating a vehicle with a blood-alcohol content of .10% or greater. Raber was also charged with driving left of center. Following several delays, Raber was tried on March 9 and 10, 1992, and was convicted on all charges. Following these convictions, in the second phase of his trial, Raber pled guilty to operating a vehicle while intoxicated as a Class D felony because of his prior conviction for the same offense within the previous five years. Raber appeals.

We will state additional facts where necessary.

## DISCUSSION AND DECISION

### Issue One: Continuance for Court Congestion

We retained jurisdiction in our previous opinion and remanded this cause to the trial court "with instructions to make written findings which articulate the factual basis for the court's order of July 1, 1991, continuing the scheduled trial date due to a 'congested calendar.'" *Raber*, 622 N.E.2d at 547. Further, we directed the clerk of the trial court to certify those findings and supplement the record on appeal. The trial court has supplemented the record in accordance with our instructions, and we have reviewed its findings.

■ A trial court may, on its own motion, continue a trial date due to a congested court calendar. *Id.* at 545–46. The reasonableness of the delay must be judged in the context of the circumstances, and the trial court's decision will not be disturbed absent an abuse of discretion. *Id.* The previous record was inadequate for us to determine whether the trial court had abused its discretion in continuing Raber's trial date because the order was "conclusory and devoid of any supporting information." *Id.* at 547. Raber asserts that, "[T]he problem was not congestion, but an error in calendaring or docketing the matter for trial." However, the record, as supplemented, supports the trial court's order that the calendar was congested on July 1, 1991, because the court was engaged in another jury trial which was not expected to conclude in time for Raber's trial to begin on that date.

■ Thus, we again stress the importance of orders and entries sufficiently specific to assure meaningful appellate review when a criminal trial is continued under Criminal Rule 4(C) due to a congested calendar, but we conclude here on the record as supplemented that the trial court did not abuse its discretion in ordering a continuance. Raber's right to a speedy trial, pursuant to Indiana Criminal Rule 4(C), was

not violated, and he is not entitled to reversal on this issue.

Issue Two: Waiver of Right to Counsel

■ Raber also contends that the trial court abused its discretion in allowing his trial to proceed without counsel to represent or assist him. In other words, Raber asserts that he did not knowingly, intelligently, and voluntarily waive his right to counsel initially and that he was improperly denied standby counsel as well. We disagree.

■ The Sixth Amendment to the United States Constitution and Article One of the Indiana Constitution guarantee a criminal defendant the right to appointed counsel. The right to counsel may be waived if done so knowingly, intelligently, and voluntarily. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *Kirkham v. State* (1987), Ind. App., 509 N.E.2d 890, 892, *trans. denied.* If a defendant chooses to waive his right to counsel, the trial court must determine in a pre-trial hearing that the waiver was knowing, intelligent, and voluntary. *Sedberry v. State* (1993), Ind.App., 610 N.E.2d 284, 286, *trans. denied.* "The trial court must establish a record showing that the defendant was aware of the nature, extent, and importance of the right and the consequences of waiving it." *Id.*

■ There are no rigid requirements setting forth specific inquiries the trial court must make before it can be determined that a defendant voluntarily waived his right to counsel. *Leonard v. State* (1991), Ind., 579 N.E.2d 1294, 1295. Rather, we look to the facts in the record to determine whether the trial court apprised the defendant of the advantages of representation by counsel and pitfalls which the defendant might experience if he proceeds *pro se. Id.* (advisement held sufficient where court informed defendant that if he proceeded *pro se* he would have a fool for a client, that he would be held to the same standards as an attorney, that an attorney screens questions to prevent opening up past record, and that it would be wise to have an attorney).

The trial court found that Raber knowingly, voluntarily and intelligently waived his right to counsel and that Raber did not wish to have standby counsel appointed. On July 1, 1991, Raber's attorney, Patrick Bennett, filed a motion to withdraw his representation of Raber because: (1) the attorney-client relationship had deteriorated to the point that counsel could no longer effectively represent the interests of Raber, and (2) Raber had indicated his desire to employ other counsel. The trial court granted the motion that same day and reset the trial date. Upon learning that Raber did not subsequently hire other counsel, the trial court held a pauper counsel hearing on October 28, 1991. In response to questioning by the trial court, Raber repeatedly indicated that he did not want an attorney to represent him but wished to represent himself. The trial court advised Raber that it would be difficult to represent himself, select a jury, and follow the rules of evidence and procedure, that a three year sentence could be imposed if Raber were convicted, and that he should "think very seriously about hiring an attorney." Record at 203. Raber then stated, "[I]f I can't have Pat Bennett to represent me, then I'll take it on my own." *Id.* at 204. The trial court also questioned Raber concerning his educational background and prior trial experience.

Despite Raber's avowed disinterest in representation by counsel, the trial court further advised Raber that he should obtain an attorney. However, Raber continued to resist the trial court's advice:

"COURT: Mr. Raber, I'll let you represent yourself in a jury trial, which is against my advice to you. I really think you need an attorney to represent you. If for some reason there becomes a situation that you're into that you can't get out of in the trial, we don't stop it. I can't help you at all . . .

RABER: That's fine."

Record at 207–08. The trial court continued to impress upon Raber that he should reconsider his decision to represent him-

self, stating, "I think you better look long and hard again about ... whether the choice that you made in regard to counsel was the right choice or the best, and at least give yourself another chance with another attorney." Record at 213. Raber again declined. Raber was then offered standby counsel but stated that he wanted to "take it on my own." Record at 214–15. When questioned again about whether he wished to have an attorney, Raber responded "no." Record at 218. Even after this extended colloquy the trial court concluded the hearing by stating, "It's the court's recommendation that you have counsel representing you." Record at 228.

■■■ Finally, Raber maintains that even if he did knowingly, intelligently, and voluntarily waive his right to counsel, he subsequently reasserted his right on March 9, 1992, the day of trial. He contends that the following statements, made in response to the trial court's inquiry whether he wished to make any motions before voir dire, shows that he did not waive his rights:

"RABER: I would like to have the court subpoena, actually since it's such a late notice in this Courtroom, here, subpoena Pat Bennett and Andy Sheff for tomorrow's case. *I think it's within my rights to ask them a few questions as the jurors should hear.*

COURT: Were those names on the witness list that you provided to the Court?

RABER: No, they weren't.

. . . .

COURT: And Mr. Raber, your response as to why these names were not on your witness list?

RABER: As I previously told you, your Honor, in our proceedings prior to this, is I was very happy with counsel. I was very happy with counsel up to the time for trial. *I don't think it's my attorney's fault that why I can't bring them into this case as witnesses. I believe there a Court error here, and it's the Court's fault.*

COURT: These witnesses are not fact witnesses, to the facts, which is what the jury is going to hear about, are the facts in this case. Are they witnesses to the facts as alleged?

RABER: Mainly they're just going to be facts to my allege [sic], Your Honor. They were my attorneys to begin with, in the allegations that I want to be sure that I'm just not coming up and representing myself in this matter."

Record at 240–43 (emphasis added). Raber's motion to subpoena witnesses was denied by the trial court, and he raised no further questions.

Raber contends that his statement, "I want to be sure that I'm just not coming up and representing myself in this matter," specifically reasserts his right to counsel, citing *Koehler v. State* (1986), Ind., 499 N.E.2d 196. However, *Koehler* is not implicated here because, as the record illustrates, Raber's statement was made in reference to the alleged violation of his right to a speedy trial under Criminal Rule 4(C), and not his right to counsel. Raber merely wanted his former counsel to testify on his behalf concerning the continued July 1 trial date discussed in *Issue One*. He was not seeking representation. Further, before making these statements, Raber signed a Waiver of Attorney form, and the trial court made a finding that Raber "freely, knowingly, understandingly and voluntarily" waived his right to counsel. Record at 73 and 234. We agree with the trial court's finding and conclude that the trial court did not err in allowing Raber to act *pro se* at trial.

## CONCLUSION

We retained jurisdiction in this cause and directed the trial court to supplement the record in order to determine whether the court abused its discretion in continuing Raber's scheduled trial date due to a congested calendar. The trial court, in accordance with our instructions, made written findings which articulate the factual basis for the court's order of July 1, 1991, and the clerk of the trial court certified those findings and supplemented the record on appeal. We have reviewed the trial court's findings and conclude that the record, as

supplemented, supports the court's entry that the calendar was congested. Raber's right to a speedy trial, pursuant to Criminal Rule 4(C), was not violated. We also hold that Raber knowingly, intelligently, and voluntarily waived his constitutional right to assistance of counsel. Thus, the trial court did not err in allowing Raber to proceed *pro se*. The judgment is affirmed.

Affirmed.

BAKER and CONOVER, JJ., concur.