Ray BRIDWELL, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S05–9503–CR–293.

Supreme Court of Indiana.

Dec. 29, 1995.

Annette Fancher Sheldon, James P. Sheldon, The Sheldon Firm, P.C., Indianapolis, for appellant.

Pamela Carter, Attorney General, Dana A. Childress–Jones, Deputy Attorney General, Indianapolis, for appellee.

DICKSON, Justice.

The defendant, Ray Bridwell, was convicted on three counts of Child Molesting and appealed, claiming violations of his constitutional rights to speedy trial and right to discharge under Indiana Criminal Rule 4(C). The Court of Appeals affirmed his convictions. *Bridwell v. State* (1994), Ind.App., 640 N.E.2d 437. Bridwell's petition to transfer asserts, inter alia, that the decision of the Court of Appeals is inconsistent with *Raber v. State* (1993), Ind.App., 626 N.E.2d 506.

Indiana Criminal Rule 4 generally implements the constitutional right of a criminal defendant to a speedy trial, thereby establishing time limits and providing for discharge in the event that limits are exceeded. Various subsections of Criminal Rule 4 authorize limited exceptions in the event of congested court calendars. In our decision today in *Clark v. State* (1995), Ind., 659 N.E.2d 548, we address the manner in which trial courts implement, and appellate courts review, the congestion exception.

We therefore grant transfer in the present case for the limited purpose of applying the principles of *Clark*.[1] In all other respects, we summarily affirm the opinion of the Court of Appeals. Ind.Appellate Rule 11(B)(3).

Bridwell was arrested on October 28, 1991, and released on bond. The charges were dismissed on the State's motion on April 27, 1992, and refiled on May 7. On September 23, 1992, and four times thereafter, the trial court continued the case due to a congested calendar. Bridwell's trial finally occurred on April 22, 1993. In granting the continuances, the trial court used a pre-printed form which recites that the case is being continued due to congestion and is being reset for the court's earliest available setting. The form also contains blanks for the insertion of the current and future trial dates, the date of the final pre-trial conference, and the date of the order. Record 27, 29, 34, 36, 37. Affirming the trial court, the Court of Appeals expressly declined to follow *Raber* "to the extent it requires a trial court to provide documentation of court congestion." *Bridwell*, 640 N.E.2d at 439.

The defendant alleges that, of the time between his arrest and his trial, 209 days are attributable to the trial court's orders reciting court congestion. He alleges that the trial court failed to keep a sufficient docket record indicating why his trial could not be conducted on the dates scheduled.

▇ To support his appellate argument that the trial court's numerous continuances on grounds of court congestion constituted an abuse of discretion, Bridwell provided the Court of Appeals with certified copies of the chronological case summaries for the cases appearing on the court calendar on the days his case was scheduled to proceed to trial. At the times *Bridwell* filed two motions for discharge, he did not present any evidence to document his claims that the findings of court congestion were erroneous.

---

1. The defendant's petition to transfer was initially denied on November 30, 1994, but on December ber 8, 1994, this Court found the initial ruling was "improvidently issued."

■ As we note today in *Clark*, a defendant must present evidence, either at the time of the motion for discharge or upon a motion to correct error, demonstrating that the finding of "congestion" is clearly erroneous. This requisite showing was not made by Bridwell in the trial court.

Transfer is granted. Except to the extent inconsistent with this opinion, the decision of the Court of Appeals is summarily affirmed. *See* Ind.Appellate Rule 11(B)(3). The convictions are affirmed.

SHEPARD, C.J., and SULLIVAN and SELBY, JJ., concur.

DeBRULER, J., dissents for the reasons set forth by Judge Barteau in this case, *Bridwell v. State* (1994), Ind.App., 640 N.E.2d 437, 439, and Judge Rucker in *Clark v. State* (1994), Ind.App., 641 N.E.2d 75, 77.