Stephen ALTER, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 27A02–0602–CR–76.

Court of Appeals of Indiana.

Jan. 31, 2007.

Craig Persinger, Marion, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant–Defendant, Stephen Alter, appeals following his convictions and sentence for Residential Entry as a Class D felony,[1] Possession of a Controlled Substance as a Class D felony,[2] and Possession of a Legend Drug as a Class D felony.[3] Upon appeal, Alter claims the trial court erred in denying his motion for discharge pursuant to Indiana Criminal Rule 4(C).

We reverse and remand.

Alter was charged on July 12, 2004 with burglary, possession of a schedule III drug, and possession of a legend drug. At a July 14, 2004 initial hearing, the trial court set the case for trial on November 29, 2004. Following appointment of counsel for Alter on July 23, 2004, the State filed a notice of discovery compliance and a motion for discovery on August 18, 2004, which was the last documented activity prior to Alter's scheduled trial. Alter's case was not tried on November 29, and there is no docket entry explaining why Alter was not brought to trial. No documented activity occurred in Alter's case from August 18, 2004 until more than eight months later, May 11, 2005, when he apparently filed correspondence with the court. On July 13, 2005, Alter filed a Criminal Rule 4(C) motion for discharge. The court held a hearing on Alter's motion on July 18, 2005 and denied the motion three days later. Alter subsequently moved to certify the matter for interlocutory appeal, which the court denied on November 7, 2005. Following a November 29, 2005 jury trial, Alter was convicted of residential entry, possession of a controlled substance, and possession of a legend drug, and he was subsequently sentenced to three concurrent sentences of one and one-half years each. Alter filed his notice of appeal on January 12, 2006.

■ Alter's sole challenge upon appeal is to the trial court's denial of his Criminal Rule 4(C) motion for discharge. The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article 1, Section 12 of the Indiana Constitution. *Clark v. State*, 659 N.E.2d 548, 551 (Ind. 1995). The provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right by establishing time deadlines by which trials must be held. *Young v. State*, 765 N.E.2d 673, 675 (Ind.Ct.App. 2002). Criminal Rule 4(C) provides the following:

> "No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule.[4] Provided further,

---

1. Ind.Code § 35–43–2–1.5 (Burns Code Ed. Repl.2004).

2. Ind.Code § 35–48–4–7(a) (Burns Code Ed. Repl.2004).

3. Ind.Code § 16–42–19–13 (Burns Code Ed. Repl.1993).

4. Indiana Criminal Rule 4(A) provides the following:

   "No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the

that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged." (Footnote supplied).

■■■■ The duty to bring the defendant to trial within one year of being charged or arrested is an affirmative one which rests with the State. *Young,* 765 N.E.2d at 676; *see Cook v. State,* 810 N.E.2d 1064, 1065 (Ind.2004). Criminal Rule 4 authorizes trial courts to exceed the deadlines when required to do so by congestion of the court's calendar. *Young,* 765 N.E.2d at 676. Further, if a defendant seeks or acquiesces in a delay which results in a later trial date, the time limitation is extended by the length of such delay. *Id.* (citing *Vermillion v. State,* 719 N.E.2d 1201, 1204 (Ind.1999)).

■■■■ Upon appellate review, a trial court's finding of congestion will be presumed valid and need not be contemporaneously explained or documented by the trial court. *Id.* (citing *Clark,* 659 N.E.2d at 552). However, a defendant may overcome this presumption by demonstrating

that the finding of congestion was factually or legally inaccurate. *Id.* Such proof establishes a prima facie case adequate for discharge unless the trial court sets forth an explanation for congestion. *Id.* If the trial court provides further findings which explain the congestion and justify the delay, the appellate court will give reasonable deference to the trial court's explanation. *Id.* The burden then shifts back to the defendant to establish that he is entitled to discharge by showing that the trial court was clearly erroneous. *Id.*

■■■■ When a continuance is ordered because of court congestion, the determination of congestion and the continuance of trial must occur before the expiration of the applicable time limitation. *Id.* (citing *Huffman v. State,* 502 N.E.2d 906, 908 (Ind.1987)). When court congestion results in the continuance of a trial, the continuance must be for a reasonable time. *Id.* (citing Crim. R. 4). The trial judge's determination of a reasonable delay is reviewed under an abuse of discretion standard. *Id.*

Here there is no dispute that Alter was charged on July 12, 2004, and that his Criminal Rule 4(C) motion for discharge was filed on July 13, 2005, one year and one day following the State's filing charges against him.[5] The chronological case sum-

date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor. Provided further, that a trial court may take note of congestion or an emergency without

the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule."

5. Although there are varying dates in the record regarding Alter's arrest date, the State does not dispute that a year had passed when Alter filed his motion for discharge.

mary (CCS) indicates that Alter's trial was to be held November 29, 2004, but it lacks any indication as to why the scheduled trial did not occur or whether Alter would be tried on the charges at issue on some subsequent date. Similarly, there is no order in the record explaining why Alter was not tried on November 29 or indicating when the trial would be rescheduled. Following the August 2004 filing of discovery motions, well ahead of Alter's November 2004 trial date, the CCS lacks any information indicating the status of Alter's case until he filed his Criminal Rule 4(C) motion for discharge one year later.

Given this CCS, we conclude that neither the State nor the trial court took the required steps in compliance with Criminal Rule 4 to justify the delay in Alter's case. We first note that Alter did not move for a continuance, and there is nothing in the CCS indicating a delay chargeable to him. Further, pursuant to the requirements of Criminal Rule 4(C), the State did not seek a continuance prior to trial due to any claimed congestion, nor did the court issue an order granting a continuance on the basis of congestion or emergency and rescheduling the case for trial. *See Young*, 765 N.E.2d at 677–78. Indeed, there is no indication whatsoever from the CCS that the court took note of congestion at all. It appears from the CCS that the case was simply neglected by both the State and the trial court from approximately August 2004 until Alter filed his motion for discharge in July of 2005. Reviewing courts may not attribute delays in proceeding to trial to the defendant where the record is

void regarding the reason for the delay. *Id.* at 678. Where docket entries are absent or missing regarding the reason for a delay, the delay is not chargeable to the defendant. *Id.*

We recognize that the State urges us to consider the explanations developed in the hearing on the motion for discharge regarding the reasons for the delay in bringing the case to trial. Evidence introduced at the hearing by the State suggested that Alter's case had not been tried on November 29th due to court congestion. In denying Alter's motion for discharge, the trial court took judicial notice of its calendar which showed three cases with priority over Alter also set for trial on November 29, all of which were subsequently continued, at least one based upon a continuance filed after the November 29 trial date.[6] As further evidence, the court noted that it had issued an order of congestion in another case scheduled for trial on November 29.[7] Based upon this evidence and an affidavit from the court reporter that Alter's defense counsel had not filed motions for continuances for two other cases scheduled for trial November 29 until December 1, suggesting defense counsel's initial requests for continuances in all of his cases that day were oral, the court appeared to conclude that defense counsel had simply failed to follow up with a written motion for a continuance in Alter's case. Further still, and perhaps most significant to the trial court, Alter's defense counsel had failed to follow the court's new policy requiring defense counsel to contact the court staff at least ten days prior to a trial

---

**6.** Alter's defense counsel also represented two of these three defendants whose trials set for November 29 had priority over Alter.

**7.** We note that a finding of court congestion does not necessarily satisfy the dictates of Criminal Rule 4(C) if the case at issue is not given meaningful priority. *See Clark*, 659

N.E.2d at 551 (citing *Bridwell v. State*, 640 N.E.2d 437, 440 (Ind.Ct.App.1994) (Sullivan, J., dissenting), *trans. granted, affirmed in part and vacated in part by Bridwell v. State*, 659 N.E.2d 552 (Ind.1995)). We also note, however, that the November 29 trial date was Alter's first scheduled trial date.

date to direct the court staff to call a jury, and that any failure to so notify the court would result in a continuance charged to the defense.[8]

We need not consider these offered explanations on their merits, however, because they arose during and following the motion-for-discharge hearing, which was not within the one-year time limit prescribed by Criminal Rule 4(C). As stated earlier, the determination of congestion and the continuance of trial must occur before the expiration of the applicable time limitation. *Young,* 765 N.E.2d at 676 (citing *Huffman,* 502 N.E.2d at 908). In *Huffman,* 502 N.E.2d at 907–08, our Supreme Court reversed a trial court's denial of a defendant's Criminal Rule 4(C) motion for discharge upon determining that the trial court's nunc pro tunc finding of court congestion, which was entered after the expiration of the Criminal Rule 4(C) time period, was not a timely determination of congestion which could be used to toll the running of that one-year period.

Here, we do not even have a nunc pro tunc entry demonstrating congestion. The CCS is devoid of any explanation regarding the status of Alter's case on and following the November 29, 2004 trial date. Indeed, none of the Criminal Rule 4(C) provisions by which the State may charge certain delays to the defendant occurred in the instant case, yet the State and trial court permitted this case to languish for more than seven months following the initial trial date. We therefore conclude, pursuant to the provisions of Criminal Rule 4, that any delays in Alter's case were chargeable to the State, and that the trial court therefore erred in denying Alter's motion for discharge on the basis that the State failed to try him within one year. *See Young,* 765 N.E.2d at 678–79.

8. For purposes of resolving the case at hand, we find it unnecessary to address the propri-

The judgment of the trial court is reversed, and the cause is remanded with instructions to the trial court to grant Alter's motion for discharge.

ROBB, J., and BARNES, J., concur.

ety of this rule with respect to Criminal Rule 4.