**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jan 09 2013, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TROY CRIM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-CR-276 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Teresa A. Hall, Commissioner
Cause No. 49F10-1003-CM-20654

**January 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Troy Crim appeals his conviction for operating a vehicle while intoxicated as a class C misdemeanor. Crim raises one issue which we revise and restate as whether the trial court abused its discretion in denying Crim's motion for discharge under Ind. Criminal Rule 4(C). We affirm.

The relevant facts follow. On March 16, 2010, the State charged Crim with operating a vehicle while intoxicated as a class A misdemeanor and public intoxication as a class B misdemeanor. On March 17, 2010, the court held a pretrial conference, and Crim requested a continuance. The court granted Crim's request and scheduled a hearing for April 20, 2010. On April 19, 2010, the court held a pretrial conference, and Crim requested a continuance. The court granted Crim's request and scheduled a pretrial conference for May 24, 2010. On May 24, 2010, the court held a pretrial conference, and scheduled a pretrial conference for July 20, 2010, and a trial for August 9, 2010. On July 20, 2010, the court held a pretrial conference, and Crim filed a request for a continuance. The court granted Crim's request and scheduled a pretrial conference for September 10, 2010. On September 10, 2010, the court granted Crim's request for a continuance and scheduled a pretrial conference for October 26, 2010. On October 26, 2010, the court granted Crim's request for a continuance and scheduled a pretrial conference for December 7, 2010. On December 7, 2010, the court granted Crim's request for a continuance and scheduled a pretrial conference for February 22, 2011. On February 22, 2011, the court granted Crim's request for a continuance and scheduled a hearing for March 18, 2011. On March 18, 2011, the court granted Crim's motion for a continuance and scheduled a pretrial conference for June 28, 2011.

On June 28, 2011, the court held a pretrial conference and scheduled a bench trial for August 15, 2011. On August 1, 2011, Crim filed a motion for a jury trial, and the court granted Crim's motion, vacated the bench trial scheduled for August 15, 2011, and scheduled a pretrial conference for November 29, 2011, and a jury trial for December 12, 2011. On December 12, 2011, the court held a hearing, and the State moved to dismiss the charge of public intoxication as a class B misdemeanor which the court granted. At the beginning of the hearing, the court stated:

> You know we may not actually get to do this jury today. First of all, there are – Court 6 is doing two (2); Court 9 is doing one (1), Court 8 is doing one (1) and we are doing one (1) and I don't even know about the first five (5) criminal courts; they could be doing some too. That tells me two (2) things: (a) they are at least three (3) courtrooms on the look [sic] that don't have jury rooms that need court space, that's a lot. . . . I will go ahead and do other things in here until I find out what's going on.

Transcript at 5-6. After discussing certain matters with the attorneys and recessing momentarily, the court stated: "Unfortunately, as I mentioned earlier, there is no room in the Inn. There is no space for the trial. So this case will be congested due to no room available for jury." Id. at 32. Crim's counsel stated: "The Defense does object for the record, I understand it's not in your control. We are objecting to congestion." Id. The court responded by stating:

> The objection is noted, and denied. Court congestion does not have anything to do with Criminal Rule 4. It doesn't toll – it tolls the time; it does not go against your time. If the Court doesn't have a place to do anything, the Court can't do anything. So, Court lacking a courtroom due to lack or no room available for jury space resets this matter for jury trial on February 27, 2012 at 8:30 will be our jury trial; our final pretrial will be February 14, 2012 at 8:30 a.m. Mr. Crim I apologize to you, and I apologize to the officers that are here on this case but unfortunately I can only do so much; and there's no place to put a jury. So I can't go forward without a place to put them. So we will continue this.

3

Id. at 33.

On February 24, 2012, Crim filed a motion for discharge pursuant to Ind. Criminal Rule 4(C). Crim argued that the trial court "failed to make a record of what courtrooms may or may not have been available and why" on December 12, 2011. Appellant's Appendix at 75. Crim also argued that "the Court failed to make a record of what alternative arrangements could have been made, such as bringing chairs into Court 10 so that a jury [trial] could take place there, or holding the jury in the adjacent hearing room which was available and equipped with court reporting equipment." Id.

On February 27, 2012, the court addressed and denied Crim's motion. That same day, the jury found Crim guilty of the lesser included offense of operating a vehicle while intoxicated as a class C misdemeanor. The court sentenced Crim to sixty days served through Marion County Community Corrections home detention and probation of 180 days.

The sole issue is whether the trial court abused its discretion in denying Crim's motion for discharge under Ind. Criminal Rule 4(C). Crim acknowledges that he had multiple continuances but argues that "those time periods attributable to Mr. Crim notwithstanding, the State failed to bring Mr. Crim to trial within the required time period." Appellant's Brief at 10. Crim argues, without citation to the record, that the trial court's declaration of congestion was clearly erroneous because there was not congestion due to the trial court's calendar and that there was no other case being heard by the trial court. The State argues that Crim extended the time limitation through a

4

series of motions for continuance and a motion for a jury trial. The State also argues that court congestion forced the trial court to continue Crim's trial.

Ind. Criminal Rule 4(C) provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

"The rule places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for extensions of that time for various reasons." Cook v. State, 810 N.E.2d 1064, 1065 (Ind. 2004). The one-year period is extended by any delay due to: (1) a defendant's motion for a continuance; (2) a delay caused by the defendant's act; or (3) congestion of the court calendar. Isaacs v. State, 673 N.E.2d 757, 762 (Ind. 1996). "[W]hen a defendant takes action which delays the proceeding, that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not." Cook, 810 N.E.2d at 1066-1067. "The setting of a trial date is not determinative of what delays are chargeable to the defendant, see Cook v. State, 810 N.E.2d 1064, 1066-67 (Ind. 2004), but a pretrial motion's proximity to a set trial date weighs in favor of attributing a delay to a defendant." Curtis v. State, 948 N.E.2d 1143, 1150 (Ind. 2011). The objective of the

5

rule is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial. Brown v. State, 725 N.E.2d 823, 825 (Ind. 2000).

"A defendant extends the one-year period by seeking or acquiescing in delay resulting in a later trial date." Pelley v. State, 901 N.E.2d 494, 498 (Ind. 2009), reh'g denied. "The defendant's failure to object timely will be deemed acquiescence in the setting of that date." Vermillion v. State, 719 N.E.2d 1201, 1204 (Ind. 1999), reh'g denied. "Although a defendant is not obliged under this rule to push the matter to trial, a defendant whose trial is set outside the one-year period must object to the setting at the earliest opportunity or the right to discharge under the rule is waived." Brown, 725 N.E.2d at 825. However, "[t]he defendant is not required to take affirmative steps to obtain trial within the period provided by the Rule, and waiver arises only where defendant learns, *within* the period during which he could properly be brought to trial, that the court proposes trial on an untimely date." State v. Tomes, 466 N.E.2d 66, 70 (Ind. Ct. App. 1984).

When a defendant asks for a continuance, the time between the motion for a continuance and the new trial date is chargeable to the defendant. Vermillion, 719 N.E.2d at 1204. When a motion for discharge for an Ind. Criminal Rule 4 violation is made prematurely, it is properly denied. Stephenson v. State, 742 N.E.2d 463, 487, n.21 (Ind. 2001), cert. denied, 534 U.S. 1105, 122 S. Ct. 905 (2002). The determination of whether a particular delay in bringing a defendant to trial violates the speedy trial guarantee depends on the specific circumstances of the case. Payton v. State, 905 N.E.2d

6

508, 511 (Ind. Ct. App. 2009), <u>trans.</u> <u>denied</u>. We review a trial court's ruling on a Rule 4(C) motion for abuse of discretion. <u>Curtis</u>, 948 N.E.2d at 1149.

Upon appellate review, a trial court's finding of congestion will be presumed valid and need not be contemporaneously explained or documented by the trial court. <u>Alter v. State</u>, 860 N.E.2d 874, 877 (Ind. Ct. App. 2007). However, a defendant may overcome this presumption by demonstrating that the finding of congestion was factually or legally inaccurate. <u>Id.</u> Such proof establishes a *prima facie* case adequate for discharge unless the trial court sets forth an explanation for congestion. <u>Id.</u> If the trial court provides further findings which explain the congestion and justify the delay, the appellate court will give reasonable deference to the trial court's explanation. <u>Id.</u> The burden then shifts back to the defendant to establish that he is entitled to discharge by showing that the trial court was clearly erroneous. <u>Id.</u>

We have previously stated that "to determine whether a trial court's finding of congestion was accurate, it is necessary to view the trial court's calendar on the date that the court granted the trial continuance." <u>Truax v. State</u>, 856 N.E.2d 116, 121 (Ind. Ct. App. 2006). If a defendant fails to present evidence that the trial court's finding of congestion is clearly erroneous on the date that the court granted the continuance, the defendant's discharge motion will fail. <u>Id.</u>

When a continuance is ordered because of court congestion, the determination of congestion and the continuance of trial must occur before the expiration of the applicable time limitation. <u>Alter</u>, 860 N.E.2d at 877. When court congestion results in the continuance of a trial, the continuance must be for a reasonable time. <u>Id.</u> The trial

7

judge's determination of a reasonable delay is reviewed under an abuse of discretion standard. Id.

Crim was charged on March 16, 2010. Thus, the State was required to bring him to trial by March 16, 2011, unless the one-year period was extended by delays not chargeable to the State. On March 17, 2010, the court held a pretrial conference, and Crim requested a continuance. The court granted Crim's request, scheduled a hearing for April 20, 2010. This extended the one-year period by 34 days[1] to April 19, 2011.[2] (Cumulative extension (hereinafter, "C.E.") 34 days). On April 19, 2010, the court granted Crim's request for a continuance and scheduled a pretrial conference for May 24, 2010. This extended the one-year period by thirty-four days[3] to May 23, 2011. (C.E. 68 days). On July 20, 2010, the court granted Crim's request and scheduled a pretrial conference for September 10, 2010. This extended the one-year period by fifty-two days[4] to July 14, 2011. (C.E. 120 days). On September 10, 2010, the court granted Crim's request for a continuance and scheduled a pretrial conference for October 26, 2010. This

---

[1] This represents the delay between March 17, 2010, and April 20, 2010.

[2] We observe that Crim's attorney cited Carr v. State, 790 N.E.2d 599 (Ind. Ct. App. 2003), to the trial court for the proposition that a request for a continuance is charged against the defendant only if a trial date is set when the request is made. In Cook, the Indiana Supreme Court held that delays caused by action taken by the defendant are chargeable to the defendant regardless of whether a trial date has been set and disapproved of Carr. 810 N.E.2d at 1067.

[3] This represents the delay between April 20, 2010, and May 24, 2010. We use April 20, 2010, as the starting point for this calculation because the previous calculation included the days between March 17, 2010, and April 20, 2010. See Henderson v. State, 647 N.E.2d 7, 13 (Ind. Ct. App. 1995) (holding that this court does not charge defendant twice for those days of delay that overlap), reh'g denied, trans. denied. Crim concedes that the delay between April 20, 2010, and May 24, 2010, extends the one-year period.

[4] This represents the delay between July 20, 2010, and September 10, 2010.

extended the one-year period by forty-six days[5] to August 29, 2011. (C.E. 166 days). On October 26, 2010, the court granted Crim's request for a continuance and scheduled a pretrial conference for December 7, 2010. This extended the one-year period by forty-two days[6] to October 10, 2011. (C.E. 208 days). On December 7, 2010, the court granted Crim's request for a continuance and scheduled a pretrial conference for February 22, 2011. This extended the one-year period by seventy-seven days[7] to December 26, 2011. On February 22, 2011, the court granted Crim's request for a continuance and scheduled a hearing for March 18, 2011. This extended the one-year period by twenty-four days[8] to January 19, 2012. On March 18, 2011, the court granted Crim's motion for a continuance and scheduled a pretrial conference for June 28, 2011. This extended the one-year period by 102 days[9] to April 30, 2012. (C.E. 411 days).

On December 12, 2011, the previously scheduled trial date, the court found congestion due to the lack of an available room for a jury trial and rescheduled the trial for February 27, 2012. With respect to the court's finding of congestion on December 12, 2011, we cannot say that Crim demonstrated that at the time, the trial court's finding of congestion was factually or legally inaccurate or was clearly erroneous. See Vaillancourt v. State, 695 N.E.2d 606, 610 (Ind. Ct. App. 1998) (holding that defendant

---

[5] This represents the delay between September 10, 2010 and October 26, 2010.

[6] This represents the delay between October 26, 2010, and December 7, 2010.

[7] This represents the delay between December 7, 2010, and February 22, 2011. Crim concedes that the delay between August 10, 2010 and February 22, 2011, extends the one-year period.

[8] This represents the delay between February 22, 2011, and March 18, 2011.

[9] This represents the delay between March 18, 2011, and June 28, 2011. Crim concedes that this

9

did not make the requisite showing when he did not cite any factual basis or evidence for his contention the delay was not due to the congestion of the court calendar), trans. denied; cf. Dean v. State, 901 N.E.2d 648, 654 (Ind. Ct. App. 2009) (holding that defendant's submission of case summaries showed that, on each date the trial court issued its congestion order, the order was inaccurate at the time the order was issued), trans. denied. Thus, this extended the one-year period by seventy-seven days[10] to July 16, 2012. (C.E. 488). See Loyd v. State, 272 Ind. 404, 409, 398 N.E.2d 1260, 1265 (1980) (holding that "[t]he court calendar may be congested by a variety of circumstances, among them the unavailability of essential personnel or physical facilities"), cert. denied, 449 U.S. 881, 101 S. Ct. 231 (1980).

The delays discussed above extended the one-year deadline by a total of 488 days to July 16, 2012. We conclude that Crim's motion for discharge on February 24, 2012, was premature and his right under Ind. Criminal Rule 4(C) to be brought to trial within one year of being charged has not been violated. Thus, the trial court properly denied Crim's motion for discharge under Ind. Criminal Rule 4(C).[11] See Cook, 810 N.E.2d at 1068 (holding that defendant's right under Ind. Criminal Rule 4(C) was not violated).

For the foregoing reasons, we affirm Crim's conviction for operating a vehicle while intoxicated as a class C misdemeanor.

---

delay extends the one-year period.

[10] This represents the delay between December 12, 2011, and February 27, 2012. We observe that Crim challenges only the court's finding of congestion and does not argue that the delay resulting from the congestion was unreasonable.

[11] Because we conclude that the above delays extended the one-year limit beyond the date of Crim's motion for discharge we need not discuss any other possible delays.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.