Joseph LARRY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9812–CR–1018.

Court of Appeals of Indiana.

Sept. 15, 1999.

Lisa DeLey, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Defendant Joseph Larry ("Larry") appeals his conviction after a jury trial of Battery, a class C felony.[1] We affirm.

### Issue

The sole issue raised on appeal may be restated as whether the trial court abused its discretion by admitting evidence that, after Larry's co-defendant made statements to the police implicating Larry in the charged crime, Larry called the co-defendant a "snitch" and beat him up.

### Facts

The evidence most favorable to the verdict reveals that two men, Darrell Porter, ("Porter"), and Larry, confronted the victim and demanded his money. (R. 153–54, 158–63). Larry brandished a handgun to threaten the victim. (R. 163–64). As the victim turned to leave, Larry struck him

on the back of the head with the gun. (R. 155, 159–162, 169–72). The victim bled profusely from the wound caused by being struck by the gun. (R. 173).

Porter was charged as Larry's co-defendant in the instant case. (R. 251). After he was arrested, Porter made statements to the police which implicated Larry in the instant offense. (R. 262). After Porter made the statements to police, Larry confronted Porter, called him a "snitch" and stated that he had heard that Porter was to testify against him. (R. 264). Soon afterwards, Larry and another individual "jumped" Porter and severely beat him. (R. 265–68). Porter testified against Larry at trial to the effect that Larry had struck the victim on the back of the head with a gun. (R. 259–60).

### Discussion and Decision

#### A. Larry's Contention

Larry asserts the trial court erred by admitting the evidence that he had called Porter a "snitch" and had beaten him up. Specifically, Larry contends that the admission of this evidence of collateral misconduct was violative of Ind. Evidence Rule 404 and/or the balancing test prescribed by Evid. R. 403. We disagree.

#### B. Standard of Review— Evidentiary Rulings

The evidentiary rulings of a trial court are afforded great deference on appeal and are overturned only upon a showing of an abuse of discretion. *Bacher v. State*, 686 N.E.2d 791, 793 (Ind.1997); *Thompson v. State*, 671 N.E.2d 1165, 1171 (Ind.1996). A trial court's decision to admit evidence will not be reversed absent a showing of a manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Minnick v. State*, 544 N.E.2d 471, 477 (Ind.1989).

---

**1.** IND.CODE § 35–42–2–1(3) (Battery is a class C felony if it results in serious bodily injury or is committed by means of a deadly weapon).

### C. Admissibility of Evidence of Collateral Misconduct

■ Indiana Evidence Rule 404 reads:

**(a) Character Evidence Generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, ...

**(b) Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. ...

(emphasis added). Evidence is excluded under Evid. R. 404(b) only when it is introduced to prove the "forbidden inference" of demonstrating the defendant's propensity to commit the charged crime. *Hardin v. State*, 611 N.E.2d 123, 128 (Ind.1993).

### D. Relevancy—Balancing Test under Evid. R. 403

■ All relevant evidence is admissible except as otherwise provided by law. Evid. R. 402; *Hardin*, 611 N.E.2d at 127 (evidence is relevant if it tends to prove or disprove a material fact or sheds any light on the guilt or innocence of the accused). The trial court has discretion to permit the admission of even marginally relevant evidence. *Utley v. State*, 699 N.E.2d 723, 728 (Ind.Ct.App.1998), *trans. denied.* However, even evidence which may otherwise be admissible may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. Evid. R. 403; *Hardin*, 611 N.E.2d at 127. The trial court has wide latitude in weighing the probative value of the evidence against the possible prejudice of its admission and its ruling will be reviewed only for an abuse of discretion. *Poindexter v. State*, 664 N.E.2d 398, 400 (Ind.Ct.App.1996).

### E. Evidence of Defendant's Attempts to Cover up Crime or Suppress Evidence

■ The manufacture, destruction, or suppression of evidence may properly be considered by the jury as an admission of the defendant's guilt or his guilty knowledge. *Scifres–Martin v. State*, 635 N.E.2d 218, 220 (Ind.Ct.App.1994); *Cox v. State*, 422 N.E.2d 357, 360–62 (Ind.Ct.App.1981) (evidence that the defendant made threats against a witness are in the nature of an attempt to suppress or conceal evidence which are generally admissible to show the defendant's guilt or guilty knowledge). Moreover, evidence that the defendant attempted to suppress evidence against him is highly probative/prejudicial. *See id.*

### F. Analysis

■ The evidence that Larry called Porter a "snitch" and beat him up was properly admissible to prove Larry's guilty knowledge or consciousness of guilt with respect to the charged crime. *See id.* Thus, the evidence of guilty knowledge was properly admissible under the "knowledge" exception listed in Evid. R. 404(b). Moreover, considering the highly probative nature of this evidence, we cannot conclude that the trial court abused its discretion by determining that its probative value was not substantially outweighed by the danger of unfair prejudice under Evid. R. 403. Therefore, the trial court did not abuse its discretion by admitting the challenged evidence of collateral misconduct.

Affirmed.

GARRARD, J., and HOFFMAN, Sr.J., concur.