**Terry D. DEAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 27A04–0807–CR–409.

Court of Appeals of Indiana.

Feb. 27, 2009.

Transfer Denied April 30, 2009.

C. Robert Rittman, Marion, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Terry D. Dean appeals his convictions for two counts of dealing in cocaine as class B felonies.[1] Dean raises two issues, which we revise and restate as:

I. Whether the trial court abused its discretion by admitting evidence of Dean's uncharged misconduct; and

II. Whether the trial court erred by denying Dean's motion for discharge under Ind. Criminal Rule 4(C).

We affirm.[2]

The relevant facts follow. On April 4, 2003, the Drug Task Force of the Marion Police Department arranged a controlled substance purchase using a confidential informant named Kenneth Chambers. Chambers arranged to buy cocaine from Dean, and the Task Force provided Cham-

---

1. Ind.Code § 35–48–4–1 (2004) (subsequently amended by Pub.L. No. 151–2006, § 22 (eff. July 1, 2006)).

2. We note that the text in Dean's appellate brief was single-spaced. We remind Dean that Ind. Appellate Rule 43(E) requires that "[a]ll printing in the text shall be double-spaced except lengthy quotes and footnotes shall be single-spaced."

bers with "buy money" and an electronic listening device. Transcript at 179. Chambers then met Dean in an apartment and purchased crack cocaine from him. Chambers and Dean agreed to meet again in one hour so that Chambers could purchase more crack cocaine for a fictitious person named "Starr." *Id.* at 183. Chambers then met with police detectives and gave them the crack cocaine. When he returned to the apartment, he purchased more crack cocaine from Dean.

On May 1, 2003, the State charged Dean with two counts of dealing in cocaine as class A felonies. Dean was arrested on May 18, 2003, and, at his initial hearing, the trial court set the case for trial for August 25, 2003. On September 2, 2003, Dean filed a motion for a speedy trial, which the trial court granted, setting the jury trial for October 27, 2003. On September 24, 2003, Dean filed a motion to continue. The State objected, and, at a hearing on the motion on October 13, 2003, Dean filed a motion to waive the speedy trial. The trial court reset the trial date for February 9, 2004.

On December 27, 2003, Chambers went to Richard Tyson's apartment. Tyson and others beat Chambers, breaking his jaw and nose, and "almost killed" him. *Id.* at 199. They left him in a bathtub, and Dean, then out on bond, arrived with a gun in his hand and beat Chambers. Dean asked Chambers for information on the Drug Task Force, who was on it, and what they "had on him." *Id.* Dean told Chambers that Chambers was "dead either way" and said that he "might as well give it up." *Id.* He cocked the gun and held it to Chambers's head, but did not fire the weapon, and then "they were all on their cell phones trying to get people" to come

kill Chambers. *Id.* at 200. Chambers later informed the police about the encounter.

On January 7, 2004, the State filed a motion to revoke bond, which the trial court granted. Dean failed to appear at the February 9, 2004 trial, and, on February 23, 2004, Dean moved to continue the trial date because he had been out of the state at the time set for trial. The trial court granted the motion and set the trial date for May 24, 2004.

On May 24, 2004, because of congestion of the court's calendar, the trial court continued the trial to July 12, 2004. On July 16, 2004,[3] because of congestion of the court's calendar, the trial court continued the trial to November 8, 2004. On November 5, 2004, Dean filed a motion to continue the trial, which the trial court granted, setting the trial for April 11, 2005.

On April 11, 2005, because of congestion of the court's calendar, the trial court continued the trial to August 22, 2005. On August 18, 2005, Dean's counsel requested a continuance and withdrew from the case. The trial court appointed new counsel for Dean and continued the trial to December 19, 2005. On November 14, 2005, Dean's new counsel filed a notice of conflict, and the trial court referred the matter to the Public Defender Board for appointment of counsel. On December 9, 2005, Dean, again with new counsel, filed a motion for a continuance, which the trial court granted, resetting the trial for April 17, 2006.

On April 17, 2006, because of congestion of the court's calendar, the trial court continued the trial to July 24, 2006. On June 26, 2006, Dean's attorney withdrew from the case.

---

**3.** The Chronological Case Summary does not indicate why the trial did not take place on July 12, 2004.

On July 24, 2006, because of congestion of the court's calendar, the trial court continued the trial to September 25, 2006. On September 8, 2006, the State requested that a status hearing be set for September 25, 2006, and the trial court granted the request. On September 25, 2006, Dean appeared in person and requested a public defender. The trial court found Dean to be indigent and appointed new counsel.

On October 10, 2006, at a pretrial conference, the trial court set the jury trial for February 12, 2007. On February 12, 2007, because of court congestion, the trial court continued the trial to May 21, 2007. On May 21, 2007, Dean moved to continue the trial, and the trial court granted the motion, resetting the trial for October 15, 2007.

On October 15, 2007, because of congestion of the court's calendar, the trial court continued the trial to February 11, 2008. On February 7, 2008, Dean filed a motion to exclude evidence of his prior criminal record, evidence of "an alleged act of confinement and/or attack perpetrated against the State's informant in this case," and evidence that he had participated in an armed robbery related to a different cause number. Appellant's Appendix at 28. After a hearing, the trial court granted the motion as to Dean's prior criminal history and armed robbery charges, but denied the motion as to evidence of the alleged acts of confinement and attack against the State's informant.

On February 7, 2008, Dean also filed a motion for discharge pursuant to Ind. Criminal Rule 4(C). At a hearing on the motion, Dean challenged the trial court's congestion orders of July 16, 2004, April 11, 2005, April 17, 2006, July 24, 2006, February 12, 2007, and October 15, 2007. The trial court denied Dean's motion as to the congestion orders of July 16, 2004, April 11, 2005, July 24, 2006, February 12,

2007, and October 15, 2007, but granted it with respect to the order of April 17, 2006, thus charging the period of 98 days from April 17, 2006, to July 24, 2006 to the State. Finding that, of the "365 day requirement to qualify for Criminal Rule [4(C) ] discharge" only 220 days were chargeable to the State, 98 days because of the challenged congestion order and 122 days to which the State had agreed, the trial court denied Dean's motion for discharge. *Id.* at 22.

Dean was tried from February 11 through February 13, 2008. At trial, over Dean's objection, the State presented evidence of Dean's confinement of, and attack on, Chambers. On February 13, 2008, the State filed amended charging informations reducing the two counts of dealing in cocaine to class B felonies. The jury found Dean guilty as charged. The trial court sentenced Dean to fifteen years with ten years executed and five years suspended to probation.

I.

█ The first issue is whether the trial court abused its discretion by admitting evidence of Dean's uncharged misconduct. Specifically, Dean contends that the admission of evidence that he confined and beat Chambers violated Ind. Evidence Rule 404(b).

█ We review the trial court's ruling on the admission of evidence for an abuse of discretion. *Noojin v. State,* 730 N.E.2d 672, 676 (Ind.2000). We reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Joyner v. State,* 678 N.E.2d 386, 390 (Ind.1997), *reh'g denied.* Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission constituted harmless error. *Fox v.*

*State,* 717 N.E.2d 957, 966 (Ind.Ct.App. 1999), *reh'g denied, trans. denied.*

Ind. Evidence Rule 404(b) provides:

Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Rule 404(b) is "designed to prevent the jury from assessing a defendant's present guilt on the basis of his past propensities." *Hicks v. State,* 690 N.E.2d 215, 218 (Ind. 1997).

We addressed a similar argument in *Larry v. State,* 716 N.E.2d 79 (Ind.Ct.App. 1999). In *Larry,* the trial court admitted evidence that the defendant had called a co-defendant a "snitch" and severely beat him because he was going to testify against the defendant. *Id.* at 80. We held that evidence that the defendant called the co-defendant a "snitch" and beat him up was properly admissible to prove the defendant's "guilty knowledge or consciousness of guilt with respect to the charged crime." *Id.* at 81. Thus, the evidence of guilty knowledge was properly admissible under the "knowledge exception" listed in Rule 404(b). *Id.*

Similarly, in the present case, evidence that Dean beat Chambers, held a gun to his head, and asked Chambers what the Drug Task force "had on him" was properly admissible to prove Dean's guilty knowledge or consciousness of guilt with respect to the charged crimes. Transcript at 199. Thus, the evidence was properly admissible under the knowledge exception in Rule 404(b). *See Larry,* 716 N.E.2d at 81.

## II.

▮ The next issue is whether the trial court erred by denying Dean's motion for discharge under Ind. Criminal Rule 4(C). The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article 1, Section 12 of the Indiana Constitution. *Alter v. State,* 860 N.E.2d 874, 876 (Ind.Ct.App.2007) (citing *Clark v. State,* 659 N.E.2d 548, 551 (Ind.1995)). The provisions of Ind. Criminal Rule 4 implement the defendant's speedy trial right by establishing time deadlines by which trials must be held. *Id.* Rule 4(C) provides the following:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule.[4] Provided further,

4. Ind. Criminal Rule 4(A) provides:
   No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the

that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

█ The duty to bring the defendant to trial within one year of being charged or arrested is an affirmative one which rests with the State. *Alter*, 860 N.E.2d at 877 (citing *Cook v. State*, 810 N.E.2d 1064, 1065 (Ind.2004)). Criminal Rule 4 authorizes trial courts to exceed the deadlines when required to do so by congestion of the court's calendar. *Id.* Further, if a defendant seeks or acquiesces in a delay which results in a later trial date, the time limitation is extended by the length of such delay. *Id.* (citing *Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind.1999), *reh'g denied* ).

At the hearing on Dean's motion for discharge, Dean argued, and the State conceded, that 122 days were chargeable to the State, representing the period from Dean's arrest on May 18, 2003, to the trial date set for October 27, 2003. This period encompasses 162 days, not 122 days. However, on September 24, 2003, Dean filed a motion for a continuance. Thus, the period of 129 days from May 18, 2003, to September 24, 2003, is chargeable to the State. In addition to this period, the trial court granted Dean's challenge to its April 17, 2006 congestion order and charged 98 days, representing the time from April 17, 2006 to July 24, 2006, to the State, for a total of 227 days. On appeal, Dean challenges the trial court's congestion orders from July 24, 2006, February 12, 2007, and October 15, 2007.

█ Upon appellate review, a trial court's finding of congestion will be presumed valid and need not be contemporaneously explained or documented by the trial court. *Id.* (citing *Clark*, 659 N.E.2d at 552). However, a defendant may overcome this presumption by demonstrating that the finding of congestion was factually or legally inaccurate. *James v. State*, 716 N.E.2d 935, 939 (Ind.1999) (citing *Clark*, 659 N.E.2d at 552). Such proof establishes a prima facie case adequate for discharge unless the trial court sets forth an explanation for congestion. *Id.* If the trial court provides further findings which explain the congestion and justify the delay, the appellate court will give reasonable deference to the trial court's explanation. *Id.* The burden then shifts back to the defendant to establish that he is entitled to

date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor.

Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule.

discharge by showing that the trial court's explanation was clearly erroneous. *Id.*

We have previously stated that "to determine whether a trial court's finding of congestion was accurate, it is necessary to view the trial court's calendar *on the date that the court granted the trial continuance.*" *Truax v. State,* 856 N.E.2d 116, 121 (Ind.Ct.App.2006) (emphasis added). Normally, a defendant's submission of case summaries from other cases set to be tried on the same day as the defendant's case does not establish that, on the date the trial court issued its congestion order, the congestion order was inaccurate. *See id.* However, in the present case, the trial court issued its congestion orders on the same day that Dean was scheduled to be tried. There was no delay between the issuance of the order and the trial date. Thus, contrary to the general rule announced in *Truax,* Dean's submission of case summaries does show that, on each date the trial court issued its congestion order, the order was inaccurate at the time the order was issued.

On July 24, 2006, the trial court issued an order noting that Dean was set to be tried that day but that the trial would have to be continued because the trial court was scheduled to try *State v. Jones,* 27D02–0305–FB–44. The trial court reset Dean's trial for September 25, 2006. At the hearing on Dean's motion for discharge, Dean submitted the chronological case summary ("CCS") from *State v. Jones,* which reveals that, on July 20, 2006, Jones's attorney orally informed the court that he would be filing a motion to continue the jury trial, and the trial did not occur on July 24, 2006. Thus, Dean established that the trial court's July 24, 2006 congestion order was factually inaccurate. 63 days passed between the July 24, 2006 congestion order and the September 25, 2006 trial date.

On February 12, 2007, the trial court issued an order noting that Dean was set to be tried that day but that the trial would have to be continued because the trial court was scheduled to try *State v. Holmes,* 27D02–0309–FC–89. The trial court reset the trial for May 21, 2007. At the hearing on Dean's motion for discharge, Dean submitted the CCS from *State v. Holmes,* which reveals that, on February 9, 2007, the trial court granted Holmes's request that a guilty plea hearing be set for March 19, 2007. Thus, Dean established that the trial court's February 12, 2007 congestion order was factually inaccurate. 98 days passed between the February 12, 2007 congestion order and the May 21, 2007 trial date.

Finally, on October 15, 2007, the trial court issued an order noting that Dean was set to be tried that day but that the trial would have to be continued because the trial court was scheduled to try *State v. Johnson,* 27D02–0506–FB–98. The trial court reset the trial for February 11, 2008. At the hearing on Dean's motion for discharge, Dean submitted the CCS from *State v. Johnson,* which reveals that, on October 12, 2007, Johnson had filed a motion to continue, which the trial court granted that day. Thus, Dean established that the trial court's October 15, 2007 congestion order was factually inaccurate. 119 days passed between the October 15, 2007 congestion order and the February 11, 2008 trial date.

Because Dean established that the three congestion orders in question were factually inaccurate, he established a prima facie case adequate for discharge. *See James,* 716 N.E.2d at 939. The burden then shifted to the trial court to provide further findings explaining the congestions or justifying the delays. *See id.* The trial court denied Dean's challenge to the congestion orders in question because it found that

there was, in each instance, a "lack of adequate time to prepare for another case." Appellant's Appendix at 22. However, the trial court's findings do not explain why there was not adequate time to prepare for another case. Nonetheless, we hold that discharge is improper.

The delay of 63 days between the July 24, 2006 congestion order and the September 25, 2006 trial date results in a total delay of 290 days chargeable to the State. The delay of 98 days between the February 12, 2007 congestion order and the May 21, 2007 trial date results in a total delay of 388 days to the State. Thus, the February 12, 2007 congestion order set a trial date outside of the one-year time limit. Dean did not object to the setting of this trial date.

The requirement that a defendant object to a trial date set after a Criminal Rule 4 deadline and move for discharge facilitates compliance by trial courts with the speedy trial requirement. *Brown v. State,* 725 N.E.2d 823, 825 (Ind.2000). The objective of the rule is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial. *Id.* "Accordingly, if the time period provided by the rule has not expired and a trial date is set for a date beyond that period, a timely objection must be made." *Id.* While *Clark v. State,* 659 N.E.2d 548 (Ind. 1995), and *Bridwell v. State,* 659 N.E.2d 552 (Ind.1995), do not directly place time constraints on a defendant's right to challenge a trial court's congestion order, we find the language of *Brown* controlling.

Dean did not object to the setting of the May 21, 2007 trial date. In fact, on that trial date, he moved for a continuance. Nor did he object to the setting of the February 11, 2008 trial date on October 15, 2007. Rather, Dean waited until February 7, 2008, four days before the jury trial, to file his motion for discharge. Because

Dean did not object to setting of these trial dates, any claim of a violation of Criminal Rule 4 resulting from the challenged congestion orders is waived. *See id.*

For the foregoing reasons, we affirm Dean's convictions for two counts of dealing in cocaine as class B felonies and affirm the trial court's denial of Dean's motion for discharge.

Affirmed.

ROBB, J. and CRONE, J. concur.