v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–0901–JV–40.**

Court of Appeals of Indiana.

July 21, 2009.

Elizabeth A. Gabig, Marion County Public Defender Agency, Appellate Division, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

The Marion Superior Court found J.D. to be a delinquent child for committing acts that would have been Class D felony theft and Class B misdemeanor criminal mischief if committed by an adult. J.D. appeals and claims that the trial court erred in denying his motion to dismiss the charges against him. We affirm.

### Facts and Procedural History

On August 8, 2008, J.D. stole a neighbor's go-cart. He later threw the go-cart over a bridge and into a creek. As a result of these actions, the State filed a petition on August 11, 2008, alleging that J.D. was a delinquent child for committing acts that, if committed by an adult, would be Class D felony theft and Class B misdemeanor criminal mischief. An initial hearing was held that same day.

On August 25, 2008, J.D. was released to his parents "under the supervision of Probation/Community Adjustment on Supervised Release Home Confinement."[1] Appellant's App. p. 32. On September 4, 2008, a denial hearing that had been set for September 8, 2008 was vacated and instead a pre-trial conference was scheduled for that day. At the September 8 conference, the trial court set the denial hearing to be held on December 2, 2008. There is no indication in the record that J.D. objected to this until November 12,

2008, when he filed a motion to dismiss. At the December 2 hearing, the trial court denied J.D.'s motion to dismiss. The trial court subsequently found the allegations to be true and adjudicated J.D. to be a delinquent child. The trial court ordered J.D. to serve probation and pay restitution. J.D. now appeals.

### Discussion and Decision

■ J.D. claims that the trial court erred in denying his motion to dismiss the charges against him, arguing that his hearing was set beyond the time limits set forth in Indiana Code section 31–37–11–2 (2008) ("Section 2"), which provides in relevant part:

(a) If:

 (1) a child is in detention; and

 (2) a petition has been filed;

a fact-finding hearing or a waiver hearing must be commenced not later than twenty (20) days, excluding Saturdays, Sundays, and legal holidays, after the petition is filed.

(b) If:

 (1) a child is not in detention; and

 (2) a petition has been filed;

the hearing must be commenced not later than sixty (60) days, excluding Saturdays, Sundays, and legal holidays, after the petition is filed.

J.D. argues that, pursuant to subsection (b), his hearing should have been held within sixty days of the filing of the petition alleging that he was a delinquent child.[2] The petition alleging that J.D. was a delinquent child was filed on August 11,

---

1. As discussed in note 4, *infra*, J.D. was later placed with the Department of Correction on another cause.

2. J.D. claims that it could be argued that the conditions of his release to his parents meant that he was "in detention" and subject to the twenty-day limit of subsection (a). However,

J.D. admits that this argument was not presented to the trial court and is therefore waived. *See also* I.C. § 31–37–11–2(c) ("A child who is ordered detained in the home of the child's parent, guardian, or custodian or who is subject to other conditions of release under IC 31–37–6–6 may not be considered as being detained for purposes of this section.").

2008. Pursuant to Section 2(b), the hearing on this petition should have been held no later than sixty days after August 11, 2008, i.e., October 10, 2008. Instead, the hearing was not held until December 2, 2008. Thus, the sixty-day time limit of Section 2(b) was not met.

The State does not deny this, but instead argues that J.D. waived this issue by failing to object when the trial court set the hearing outside the sixty-day time limit. The State notes that, with regard to the speedy-trial provisions of Indiana Criminal Rule 4(C), our courts have consistently held that if the time period provided by the rule has not yet expired, and a trial date is set beyond that period, then the defendant must make a timely objection or else waive his rights under the rule. *See, e.g., Dean v. State,* 901 N.E.2d 648, 655 (Ind.Ct.App.2009), *trans. denied; Baumgartner v. State,* 891 N.E.2d 1131, 1135 (Ind.Ct.App.2008) (citing *State ex rel. Bramley v. Tipton Circuit Court,* 835 N.E.2d 479, 481 (Ind.2005)). The State argues that the same should apply with regard to Section 2. We agree.

■ Both Criminal Rule 4(C) and Section 2 concern speedy trial rights; the former concerns criminal trials for adults, and the latter concerns juvenile delinquency hearings. *Cf. Sauerheber v. State,* 698 N.E.2d 796, 805 n. 7 (Ind.1998) (referring to Criminal Rule 4 and the predecessor statute to Section 2 in discussion of speedy trial rights). The objective of both is to "move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial." *Dean,* 901 N.E.2d at 655 (referring to Criminal Rule 4(C)). Thus, the requirement that a defendant or juvenile object to a trial date set after the relevant deadline facilitates compliance by trial courts with speedy trial requirements. *See id.* Since the purpose of these provisions is similar, we see no reason not to apply the case law interpreting Criminal Rule 4(C) to Section 2.

Here, the trial court rescheduled the hearing date at the September 8 pre-trial conference. September 8 was before the expiration of the sixty-day time limit of Section 2(b). At his conference, the trial court scheduled the hearing to occur on December 2, 2008, which was outside the sixty-day time limit. Therefore, the trial court, acting within the applicable time limit, set the hearing for a date outside the applicable time limit, and J.D. did not object. Applying the case law interpreting Criminal Rule 4(C) to the present case, we conclude that J.D. waived his rights under Section 2(b).

Moreover, even if J.D. did not waive his rights under Section 2, it is not clear that this would require dismissal of the allegations against J.D. Whereas Criminal Rule 4(C) specifically requires discharge of the defendant if the time limits of that rule are not met, the only section of Indiana Code chapter 31–37–11 which calls for discharge is section 9, which neither party claims is applicable here.[3]

■ Indiana Code section 31–37–11–7 (2008) ("Section 7") does mention the consequences of failing to meet the applicable time limits. Specifically, Section 7 provides:

If:

 (1) a child is in detention; and

---

**3.** Indiana Code section 31–37–11–9 generally provides that the trial court may, upon motion, continue the hearing for not more than ninety days, and that if the hearing is not commenced within this ninety-day period, then "the court shall discharge the child."

*Cf.* Crim. R. 4(D) (containing similar provision for ninety-day continuance in specific circumstances and providing that "if [the defendant] be not brought to trial by the state within such additional ninety (90) days, he shall be discharged.").

(2) the times in sections 1, 2, and 3 of this chapter are not followed;

the child shall be released on the child's own recognizance or to the child's parents, guardian, or custodian.

Thus, when a child is in detention, and the appropriate time limits are not met, the statutory remedy is not dismissal of the charges and discharge of the child, but release of the child either on his own recognizance or to his parents, guardian, or custodian. *See Brown v. State,* 448 N.E.2d 10, 16 (Ind.1983) (interpreting predecessor statute).

Here, however, we are dealing with Section 2(b), which is applicable when the child is *not* in detention.[4] Section 7 is silent with regard to violations of the applicable time limits when the child is not in detention. This does not mean, however, that a violation of Section 2(b) requires outright dismissal of the allegations. To the contrary, we fail to see why dismissal would be inappropriate for a child who is in detention, but somehow appropriate for a child who is not. Without clear statutory authorization, we cannot say that a violation of the sixty-day limit of Section 2(b) required the trial court to dismiss the allegations that J.D. was a delinquent child. *See Parmeter v. Cass County Dep't of Child Servs.,* 878 N.E.2d 444, 448 (Ind.Ct. App.2007) (concluding that even where trial court failed to conduct fact-finding hearing in CHINS proceeding within the statutorily prescribed time limitations, dismissal of CHINS proceeding was not the proper remedy). Regardless, we hold that J.D. waived his rights under Section 2(b) by

failing to object to the setting of the hearing outside the time limit.

Affirmed.

RILEY, J., and KIRSCH, J., concur.

---

4. As noted, J.D. claims that he may have been "in detention," but waived this argument by failing to present it to the trial court. Nevertheless, we note that in his motion to dismiss, J.D. admitted that after he was released to his parents on the instant allegations, he was later "committed to the Department of Corrections [sic] through [an] Owen County case." Appellant's App. p. 44. If this is so,

then J.D. would be "in detention" for purposes of Section 7, and discharge would not be appropriate. *See Brown,* 448 N.E.2d at 16. But if J.D. were in the custody of the Department of Correction on another cause, it is unlikely that, with regard to the present cause, it would be appropriate or possible to release J.D. to his parents.