Allstate is the sole defendant in this case, and neither Evidence Rule 411 nor the common law permits the substitution of a non-party so as to conceal Allstate's identity as an insurer. Additionally, pursuant to Evidence Rule 616, evidence of bias, prejudice, or interest of a witness for or against a party is admissible, and the rule may not be disregarded on grounds that the party involved is an insurance carrier.

Reversed and remanded.

KIRSCH, J., and VAIDIK, J., concur.

**A.K., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0812–JV–1094.**

Court of Appeals of Indiana.

Oct. 29, 2009.

Rehearing Denied Jan. 26, 2010.

Taffanee L. Keys, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Joseph Robert Delamater, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant A.K. appeals the juvenile court's denial of his motion to dismiss. We affirm.

A.K. raises one issue for our review, which we restate as: Whether the juvenile court erred in denying A.K.'s motion to dismiss, which was based on Ind.Code § 31–37–11–2(b).

On February 1, 2008, the State filed a juvenile delinquent allegation asserting that A.K. committed two acts constituting child molesting if committed by an adult. A pre-trial hearing was held on March 3, 2008, and a fact-finding/denial hearing was set for May 12, 2008. At the pre-trial hearing, A.K.'s counsel indicated that the fact-finding hearing would be lengthy because "we may have up to 8 to 10 witnesses." (Pre–Trial Tr. at 5). The juvenile court judge responded that "we may have to go out a ways but we'll find a, find a session, we'll give you a whole session." (Pre–Trial Tr. at 5). The judge then said, "Let's go out maybe into May. Let's find a session where we don't have anything set." (Pre–Trial Tr. at 5). A.K.'s counsel did not object to the May 12, 2008 hearing date, and counsel specifically indicated that the date would "work" for A.K. (Pre–Trial at 7).

At a second pre-trial conference on April 21, 2008, A.K.'s counsel indicated that he was trying to pare down a list of forty possible defense witnesses and, "I don't know how many people we have in our child hearsay hearing but I think that's going to take a significant amount of time. So at this time I'm asking the Court to just plan for May 12 doing the hearsay, only." (Second Pre–Trial Tr. at 8–9). Again, counsel did not object to the May 12, 2008 hearing date.

On May 5, 2008, A.K. moved for a continuance of the May 12, 2008 date, and the juvenile court reset the hearing for July 31, 2008. Four witnesses testified for A.K. at the July 31, 2008 hearing, and at no point did A.K. object to the date of the hearing. At a second fact-finding hearing on August 14, 2008, five more witnesses testified on A.K.'s behalf. In addition, A.K. objected to the May 12, 2008 hearing date on the basis that it violated the hearing deadline established in the juvenile code. A.K. made a dismissal motion for discharge because the juvenile code states "that a child not in custody must be brought to denial hearing within sixty days of the date of filing." (Tr. at 97).

The juvenile court denied the motion, and true findings were entered on both counts. This appeal followed.

A.K.'s objection and motion were precipitated by Ind.Code § 31–37–11–2(b), which provides that when a child is not in detention and a petition has been filed, "the hearing must be commenced not later than sixty (60) days, excluding Saturdays, Sundays, and legal holidays, after the petition is filed." A.K.'s motion asked for dismissal of the charges against him because the fact-finding hearing was not set within the sixty-day period following the February 1,

2008 filing of the petition listing the allegations against him.

 We first observe that the juvenile code does not mandate dismissal of the charges when the sixty-day deadline is not met. Indeed, our supreme court has noted that failure to meet the twenty-day deadline for a juvenile in detention found in Ind.Code § 31–37–11–2(a) results in neither dismissal of the charges nor in loss of jurisdiction by the juvenile court, as there is nothing in the statute that can be interpreted to mandate such results. *Brown v. State*, 448 N.E.2d 10, 16 (Ind.1983).[1] We do not believe that the application of subsection (b) in the current case mandates a different result from the application of subsection (a) in *Brown.*

We also observe that the large number of defense witnesses necessitated the delay in the hearing date, apparently because of the juvenile court's full schedule. A juvenile court's accommodation for an accused should not be the basis for a dismissal.

 Finally, we observe that the setting of the May 12, 2008 hearing was made with A.K.'s agreement. He did not object to the setting of the fact-finding hearing outside the sixty-day period set forth in Ind.Code § 31–37–11–2(b). In the adult criminal setting, governed by Indiana Rule of Criminal Procedure 4(C), speedy trial rights are deemed waived when the time period provided by the rule has not expired, a trial date has been set for a date beyond that period, and no objection has been made. *Dean v. State*, 901 N.E.2d 648, 655 (Ind.Ct.App.2009), *trans. denied.* As we noted in *Dean,* the objection re-

quirement "facilitates compliance by trial courts with the speedy trial requirement. The objective of the rule is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial." *Id.* Given the silence of the juvenile code and the paucity of law pertaining to the code, we hold that an analogy to the adult criminal setting is appropriate. The objective of Ind.Code § 31–37–11–2(b) is to facilitate an orderly and timely process; the section's deadline is not a mechanism for dismissal when the court has accommodated the juvenile and a timely objection has not been made.

Affirmed.

NAJAM, J., and MAY, J., concur.

---

1. The court referred to Ind.Code § 31–6–7–6(b) and (g). Subsection (g) stated that when a child is in detention and the times in subsections (a), (b), and (c) are not followed, "he shall be released on his own recognizance or to his parents, guardian, or custodian." The court noted subsection (g) and then held that it saw "nothing in any other part of the statute that can be read to entitle the juvenile to outright dismissal of the charges or to cause the juvenile court to lose jurisdiction...." 448 N.E.2d at 16. Subsection (g) is now codified as Ind.Code 31–37–11–7.