FILED

Jan 13 2017, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Elizabeth A. Houdek
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

K.G.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 13, 2017

Court of Appeals Case No.
49A05-1606-JV-1231

Appeal from the Marion Superior
Court, Juvenile Division

The Honorable Marilyn Moores,
Judge

The Honorable Geoffrey Gaither,
Magistrate

The Honorable Gary Chavers,
Magistrate

Trial Court Cause No.
49D09-1601-JD-8

**Altice, Judge.**

**Case Summary**

[1] K.G. appeals from his adjudication as a delinquent for committing an act that would constitute Class A misdemeanor theft if committed by an adult. Relying upon Ind. Code § 31-37-11-2(b), K.G. argues that he was entitled to discharge because the fact-finding hearing was not commenced within sixty days, excluding Saturdays, Sundays and legal holidays, of the petition being filed.

[2] We affirm.

## Facts & Procedural History

[3] On January 4, 2016, the juvenile court approved the filing of a delinquency petition alleging K.G. to be a delinquent child for committing an act that would constitute theft if committed by an adult. That same day, K.G. was released to home confinement, which was changed to unsupervised release on January 26, 2016. K.G. and his family live in Kentucky.

[4] The fact-finding hearing was originally scheduled for February 23, 2016. Over K.G.'s objection, the juvenile court granted the State's motion for continuance on February 22. During a pre-trial conference on March 1, the fact-finding hearing was rescheduled for March 29. Immediately thereafter, the State learned that one of its witnesses – a detective – would be unavailable on that date. Accordingly, on March 2, the State sought another continuance. On March 3, the juvenile court granted the motion, again over K.G.'s objection, and instructed the parties to find a mutually agreeable date for the fact-finding hearing. The court also set another pre-trial conference for March 22.

[5] K.G. filed a motion for discharge just prior to the pre-trial conference on March 22, arguing that a trial date held beyond March 30 would violate I.C. § 31-37-11-2(b) and require dismissal. After hearing argument, the court denied the motion and set the fact-finding hearing, over K.G.'s objection, for April 11. At the April 11 hearing, K.G. renewed his objection to the hearing being held outside the statutory sixty-day period. The juvenile court, however, entered a true finding against K.G. at the conclusion of the hearing. Thereafter, at the dispositional hearing on May 16, the court closed the case and waived fees and costs. K.G. now appeals.

## Discussion & Decision

[6] K.G. contends, as he did below, that he was entitled to dismissal because the fact-finding hearing was held beyond the time limits set forth in I.C. § 31-37-11-2(b). The State does not dispute the fact that the hearing was held more than sixty days (excluding weekends and legal holidays) after the filing of the delinquency petition on January 4, 2016. Indeed, the parties agree that the sixtieth day was March 30, and the hearing was not held until April 11.

[7] I.C. § 31-37-11-2 (Section 2) provides:

> (a) If:
>
> > (1) a child is in detention; and
>
> > (2) a petition has been filed;
>
> a fact-finding hearing or a waiver hearing must be commenced not later than twenty (20) days, excluding Saturdays, Sundays, and legal holidays, after the petition is filed.

(b) If:

(1) a child is not in detention; and

(2) a petition has been filed;

the hearing must be commenced not later than sixty (60) days, excluding Saturdays, Sundays, and legal holidays, after the petition is filed.

(c) A child who is ordered detained in the home of the child's parent…may not be considered as being detained for purposes of this section.

To remedy a violation of Section 2(a)'s twenty-day limit (or violations of two other statutory time limits applicable when a child is detained), I.C. § 31-37-11-7 provides that "the child shall be released on the child's own recognizance or to the child's parents, guardian, or custodian." The relevant statutes, however, are silent as to any remedy for a violation of Section 2(b), which involves a child – like K.G. – not in detention.

[8] K.G. contends that dismissal is the proper remedy for a violation of Section 2(b), but we have rejected such an argument on at least two occasions. *See A.K. v. State*, 915 N.E.2d 554, 556 (Ind. Ct. App. 2009) ("the juvenile code does not mandate dismissal of the charges when the sixty-day deadline is not met"), *trans. denied*; *J.D. v. State*, 909 N.E.2d 1035, 1037-38 (Ind. Ct. App. 2009) ("[w]ithout clear statutory authorization, we cannot say that a violation of the sixty-day limit of Section 2(b) required the trial court to dismiss the allegations"). *Cf. Brown v. State*, 448 N.E.2d 10, 16 (Ind. 1983) (with respect to a violation of the twenty-day limit, the Court held the only remedy is release of

juvenile from detention and observed "nothing in any other part of the statute []
can be read to entitle the juvenile to outright dismissal").

[9]     Further, a review of chapter 31-37-11 reveals that continuances beyond the
general sixty-day limit are clearly contemplated. For example, I.C. § 31-37-11-6
provides that the time shall be computed excluding delays resulting from: (1)
continuances granted on the child's motion; (2) actions of the child; and (3)

> [c]ongestion of the court calendar if the prosecuting attorney
> moves for a continuance not later than three (3) days before the
> hearing, except that a motion may be filed less than three (3)
> days before the hearing if the prosecuting attorney shows that the
> delay was not the fault of the state.

I.C. § 31-37-11-6(3). *See also* I.C. § 31-37-11-10 (providing for extensions of
time for delays caused by the child). Similarly, I.C. § 31-37-11-8 addresses a
prosecutor's motion for continuance due to the absence of a witness and, upon
such a motion, I.C. § 31-37-11-9(a) indicates that the court may continue the
hearing for "not more than ninety (90) days." If the hearing is not commenced
within these ninety days, I.C. § 31-37-11-9(b) provides that "the court shall
discharge the child." This is the only section of chapter 31-37-11 that expressly
calls for discharge when a specific time limit is violated, and neither party
claims it is applicable here.[1]

---

[1] I.C. § 31-37-11-5 provides that a child "may not be required to answer a petition alleging that the child is a
delinquent child for more than one (1) year in aggregate." This apparent discharge provision is not
applicable in this case, as K.G.'s hearing was held well within a year of the petition being filed.

[10]     Although Section 2 uses "must" regarding the time limits for holding the hearing, we conclude that the term is intended to be directory rather than mandatory in this context.[2] *Cf. Parmeter v. Cass Cty. Dep't of Child Servs.*, 878 N.E.2d 444, 448 (Ind. Ct. App. 2007) (regarding the required timing of a dispositional hearing in a CHINS case, the court found that the use of the term "shall" in the applicable statutes was directory rather than mandatory). Accordingly, we decline the invitation to read a discharge remedy into Section 2(b) that the legislature did not mandate, especially where the legislature specified precise remedies in other parts of the chapter.

[11]     Judgment affirmed.

[12]     Riley, J. and Crone, J., concur.

---

[2] I.C. § 31-37-11-3 similarly uses the term: "If waiver is denied, the factfinding hearing must be commenced not later than ten (10) days, excluding Saturdays, Sundays, and legal holidays, after the denial." The remedy for noncompliance with this time limit is set out in I.C. § 31-37-11-7 and applies only if the child is in detention. In that case, the child shall be released from detention but not discharged.