## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 14 2019, 8:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

C.R.,
*Appellant-Respondent,*

v.

State of Indiana,
*Appellee-Petitioner*

August 14, 2019

Court of Appeals Case No.
18A-JV-2706

Appeal from the Marion Superior Court

The Honorable Marilyn Moores, Judge

The Honorable Geoffrey Gaither, Magistrate

Trial Court Cause No.
49D09-1611-JD-1868

**May, Judge.**

[1] C.R. appeals her placement in the Department of Correction ("DOC"). As she was released from DOC custody while this appeal was pending, we are unable to provide her with the relief she requests. We conclude the issues she argues on appeal are moot, and we decline to review the matter under the public interest exception. Therefore, we dismiss C.R.'s appeal.

## Facts and Procedural History

[2] On November 30, 2016, when C.R. was fifteen years old, the State filed a delinquency petition alleging C.R. had committed acts that, if committed by an adult, would be Level 1 felony burglary,[1] Level 2 felony attempted robbery,[2] and Class A misdemeanor possession of a firearm without a license.[3] On April 27, 2017, C.R. admitted she was a delinquent as to the firearm allegation and agreed to testify against the two adults accused of committing the same crimes. The State dismissed the other two allegations. The trial court adjudicated C.R. a delinquent and placed C.R. on probation.

[3] On August 9, 2017, probation filed a Verified Petition for Modification of Dispositional Decree, recommending that C.R. be detained "in order for DCS ["Department of Child Services"] to file CHINS ["Child in Need of Services"] and seeking placement regarding youth having an open assessment for

---

[1] Ind. Code § 35-43-2-1(4).

[2] Ind. Code § 35-42-5-1 (robbery); Ind. Code § 35-41-5-1 (attempt).

[3] Ind. Code § 35-47-2-1(e).

trafficking and prostitution." (App. Vol. II at 199.) On November 6, 2017, the trial court adjudicated C.R. a CHINS because she was a victim of sex trafficking, her mother was incarcerated, her father could not be found, and her maternal grandmother was unable to care for her. The trial court placed C.R. at White's Residential and Family Services ("White's") in Wabash, Indiana, where C.R. was to receive counseling to assist her with the trauma of being a sex trafficking victim.

[4] On December 7, 2017, the trial court issued an order bundling the CHINS and delinquency cases. C.R. remained in placement at White's until March 2018 when she was returned to her mother's custody and continued on probation. On March 29, 2018, C.R. was arrested for acts that, if committed by an adult, would be Class A misdemeanor criminal trespass[4] and Class B misdemeanor unauthorized entry of a motor vehicle.[5] On April 9, 2018, the probation department filed a petition to modify C.R.'s dispositional decree based on her arrest. Additionally, C.R. had routinely left her mother's house without her mother's knowledge, had been on social media in violation of the court's order, and had not logged into her online schooling in two weeks.

[5] The trial court held a hearing on the matter on April 12, 2018. The trial court ordered C.R. to remain in detention pending placement in a residential center

---

[4] Ind. Code § 35-43-2-2(b).

[5] Ind. Code § 35-43-4-2.7(d).

that could address her need for therapy focused on her status as a victim of sex trafficking. The trial court held hearings on April 19 and May 3, both times issuing orders for C.R. to remain in detention until appropriate placement was found. On May 17, 2018, on DCS's recommendation, C.R. was released from detention to her mother's care and continued on probation. C.R. was ordered to continue with services, stay off social media, and not use a cell phone or related electronic device. C.R. was also placed on electronic monitoring at that time.

[6] On June 8, 2018, the probation department alleged C.R. violated the terms of her probation by using a cell phone, using social media, and having an unauthorized visitor in her home. As a result, C.R. was placed in detention. On June 28, C.R. admitted violating probation and was released from detention, placed again in mother's custody, and continued on probation. On September 6, the probation department filed a petition for modification of dispositional decree alleging C.R. violated the terms of her probation by accessing social media and via an advertisement featuring C.R. on a website known for the advertisement of prostitution. The trial court issued a warrant for C.R.'s arrest.

[7] Police apprehended C.R. on September 7. At the hearing on the modification petition on September 27, the trial court determined C.R. violated her probation. The trial court set a hearing for two weeks later to give the probation department and DCS time to secure placement for C.R. in a residential facility that specialized in treating sex trafficking victims. At a

hearing on October 11, DCS and the probation department reported they were unable to find an appropriate residential placement for C.R. The trial court ordered:

> [C.R.] is awarded to the Guardianship of the Indiana Department of Correction for housing in any correctional facility for children until the age of 21, unless sooner released by the Department of Correction. [C.R.] is detained pending transfer. The Court recommends [C.R.] be committed for a period of 6 months. The Court recommends [C.R.] complete [a] counseling program and complete a Vocational and/or GED program.

(App. Vol. V at 85.)

[8] C.R. filed a motion to reconsider her placement on October 16, 2018, and the trial court denied her request the same day. C.R. was released from DOC custody on April 15, 2019. On May 29, 2019, C.R. turned eighteen years old.

# Discussion and Decision

[9] C.R. appeals her placement in DOC. However, she has been released from DOC custody since April 15, 2019. A case should be dismissed as moot when no effective relief can be rendered to the parties before the court. *C.J. v. State*, 74 N.E.3d 572, 575 (Ind. Ct. App. 2017), *trans. denied*. However, a public interest exception to the mootness doctrine allows us to review issues of great public importance. *Id*. The public interest exception is usually recognized in cases that involve issues likely to recur. *Id*.

[10] Our standard of review regarding the placement of delinquent juveniles is well-established:

> The juvenile court is accorded "wide latitude and great flexibility in dealing with juveniles[.]" *C.T.S. v. State*, 781 N.E.2d 1193, 1203 (Ind. Ct. App. 2003), *trans. denied*. The specific disposition of a delinquent child is within the juvenile court's discretion, to be guided by the following considerations: the safety of the community, the child's best interests and freedom, the least restrictive alternative, family autonomy and life, and the freedom and opportunity for participation of the parent, guardian, or custodian. *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006); *see also* Ind. Code § 31-37-18-6. We reverse only for an abuse of discretion, that is, a decision that is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *K.S.*, 849 N.E.2d at 544.

*K.S. v. State*, 114 N.E.3d 849, 954 (Ind. Ct. App. 2018), *trans. denied*. C.R. contends the trial court abused its discretion when it placed her in DOC custody without considering a less-restrictive placement simply because of her status as a sex trafficking victim.

[11] Specifically, she argues the trial court was required, when determining her placement, to consider Indiana Code section 35-42-3.5-4, which states in relevant part:

> (a) An alleged victim of an offense under sections 1 through 1.4 of this chapter:
>
> > (1) may not be detained in a facility that is inappropriate to the victim's status as a crime victim;

> (2) may not be jailed, fined, or otherwise penalized due to having been the victim of the offense; and
>
> (3) shall be provided protection if the victim's safety is at risk or if there is danger of additional harm by recapture of the victim by the person who allegedly committed the offense, including:
>
>> (A) taking measures to protect the alleged victim and the victim's family members from intimidation and threats of reprisals and reprisals from the person who allegedly committed the offense or the person's agent; and
>>
>> (B) ensuring that the names and identifying information of the alleged victim and the victim's family members are not disclosed to the public.
>
> This subsection shall be administered by law enforcement agencies and the Indiana criminal justice institute as appropriate.

However, C.R. did not raise the applicability of Indiana Code section 35-42-3.5-4 before the trial court, and thus the issue is waived. *See A.K. v. State*, 915 N.E.2d 554, 556 (Ind. Ct. App. 2009) (claim of error waived for failure to present it before the trial court), *reh'g denied*, *trans. denied*.

[12] C.R.'s hearing was before the bench. We assume the judge knows and follows the applicable law. *Leggs v. State*, 966 N.E.2d 204, 208 (Ind. Ct. App. 2012). Therefore, we presume the trial court considered Indiana Code section 35-42-3.5-4 when making its decision to place C.R. in DOC custody. While we recognize the importance of appropriate placement for trafficking victims, the

trial court's discretion, the waiver of the statutory argument, and the mootness of the issues based on C.R.'s release from custody render us incapable of issuing more than an advisory opinion, which we cannot do. *See Richardson v. State*, 402 N.E.2d 1012 (Ind. Ct. App. 1980) ("[t]he court does not engage in discussions of moot questions or render advisory opinions"). Accordingly, we dismiss her appeal.

# Conclusion

The issue raised by C.R. regarding her placement in the DOC is moot because her time of confinement has passed. Therefore, we dismiss.

Dismissed.

Najam, J., and Bailey, J., concur.